UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MPD ACCESSORIES, B.V.,                               :

                       Plaintiff,           :

           -against-                       :         **MEMORANDUM AND ORDER**

URBAN OUTFITTERS, INC.,                              :         12 Civ. 6501 (LTS) (KNF)
GMA ACCESSORIES INC. d/b/a/ CAPELLI
NEW YORK, and ABC CORPS 1-5,                         :

                     Defendants.           :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      On May 24, 2013, the Court denied the plaintiff's motion to compel discovery, made pursuant to Rule 37 of the Federal Rules of Civil Procedure, and directed the plaintiff to address the issue of whether any exception exists to awarding mandatory attorney's fees to the defendants, pursuant to Rule 37(a)(5)(B). Before the Court is the plaintiff's memorandum of law in compliance with the May 24, 2013 order, the defendants' response to it and the plaintiff's reply.

*Plaintiff's Contentions*

      The plaintiff contends that its motion to compel discovery was substantially justified because it was based upon a reasonable belief that the information and documents sought existed. According to the plaintiff, communications between the defendants and among the defendants and third parties related to the designs at issue in this action were requested "because of their relevance to the question of whether the Defendants had knowledge as early as May 2012 of the Plaintiff's claim of copyright infringement of the Designs." The plaintiff contends that the information sought in Interrogatory No. 1 was based on the testimony of George Altirs,

who "admitted during his deposition that GLG Investment Group, Inc. was a customer of GMA Accessories." Thus, "[s]ince GMA Accessories sold the Designs to Urban Outfitters, Urban Outfitters UK Ltd. and GLG Investment Group, Inc., it is reasonable to believe that it had contacts at each of those entities." Moreover, the plaintiff asserts, understanding communications between the defendants and among the defendants and third parties is important in ascertaining who had knowledge of the plaintiff's copyright infringement claim. "Although perhaps not most eloquently explained or articulated," the plaintiff's motion had "a reasonable basis in law and fact."

Concerning Document Request No. 1, the plaintiff contends:

Plaintiff communicated with Urban Outfitters UK Ltd. regarding the Designs as early as May 2012, before a majority of the sales of the Designs were made in the United States by Defendants. *See* [Matthew J.] Weldon [Decl.], Exhibit A.[1] These communications were sent to Boyes Turnes LLP, counsel for Urban Outfitters UK Ltd., and the letter provided by the Plaintiff to the Court referenced a communication

---

[1] Exhibit A to the declaration by the plaintiff's counsel Matthew J. Weldon ("Weldon"), submitted in support of the plaintiff's motion to compel, consists of three pages, the first of which appears to be a letter, dated May 29, 2012, from Margot Span, at "Koster Advocaten N.V., on behalf of Suzan Houben-van Geldorp," to Holly Strube, at Boyes Turner LLP, "Re: MPD Accessories/Urban Outfitters." The letter states at the first page:

Dear Madam, Sir,
Reference is made to your letter of 28 May 2012. The arguments raised in your letter are no reason for my client to not further pursue this matter. The fact that your client indicates that it has bought the Colour Block Stripe Scarf from its supplier in good faith has no significance given the fact that your client, as a professional player in the fashion industry has the obligation to not purchase and sell goods or designs that are a clear infringement of my clients' unregistered community design and copyrights. Your client is liable for the damages sustained by my client because of these evident infringements and my client is entitled to the undertakings as mentioned in the cease and desist declaration by no later than <u>30 May 2012</u>. In the event that your company fails to comply with this request my client instructed me to immediately commence legal proceedings against your client. MPD reserves all rights and in particular the right to file more drastic claims than may be deduced from the contents of the cease and desist declaration.

>from that law firm for Urban Outfitters UK Ltd. dated May 28, 2012. *Id*. The May 28 letter, and any other communication related to same, was not produced. The reference to the May 28, 2012 letter is uncontested evidence that such communication exists, but it was not produced.

The plaintiff contends that the defendants did not produce any communication: (a) to the plaintiff; (b) "to or from Urban Outfitters"; and (c) "to or from GMA Accessories." It maintains that "George Altirs admitted e-mail communication with Hangzhou Tongshi Silk Co., Ltd. wouldn't come directly to him, but that he only reviewed certain emails," and he "implied that there was e-mail communication with buyers from Urban Outfitters UK, Ltd., either together with US buyers or separately." The plaintiff asserts it is implausible that "zero communication exists," and it is "not even clear to Plaintiff that the Defendants have taken that position."

    According to the plaintiff, it was unable to identify adequately the documents it was seeking in its motion to compel because "it has been blocked from the information required to make a better description of such documents." For example, the defendants blocked the questioning of George Altirs about e-mail communication the plaintiff requested, despite their awareness of his communications with a "Chinese factory and Urban Outfitters." Moreover, the plaintiff contends, "as shown by Weldon [Decl.], Exhibit E,[2] Plaintiff was not permitted to query Frank Conforti, Urban Outfitters' witness who submitted an affidavit regarding Urban Outfitter's net income calculations, about Urban Outfitters' communications" because "it was contemplated

---

[2] Exhibit E, to the Weldon declaration, consists of two e-mail messages. Only the e-mail message from Conor Donnelly to Weldon, dated "March 15, 2013 9:28 AM," mentions Frank Conforti; it does so in the following paragraph:
> I am still waiting for you to advise as commemorated below and discussed on March 13, whether you are interested in witnesses to cover any other topics other than the subjects contained in the Urban Outfitters, Inc. Declaration that was executed by its CFO Mr. Conforti. I can then propose dates for all of the Urban Outfitters depositions.

by Plaintiff and Urban Outfitters that another witness would be deposed with regard to any other topics." However, "[t]his never happened, and Plaintiff was blocked from obtaining information needed to identify more particularly the communications to or from Urban Outfitters."

The plaintiff also contends that additional circumstances would make an award of sanctions unjust. For example, it asserts that despite the parties' "meet and confer," the defendants "unilaterally operated under the assumption that Plaintiff was only seeking a very limited scope of e-mails, which was not the case." When the defendants represented in their letter to the Court that "no emails existed between GMA and its factory in China that enclosed the purchase orders," they failed to "address the deficiency that Plaintiff identified to Defendants in two separate letters and during two separate conferences. Defendants' statement only address [sic] one narrow category of e-mails that GMA may have, *those attaching invoices*, but no other categories; and the statement fails to address the production of Urban Outfitters entirely." The plaintiff contends that, inasmuch as it had a reasonable belief that communications exist to or from the defendants and that the defendants "have not denied that such communications are in [their] control," awarding attorney's fees to the defendants would be unjust.

***Defendants' Contentions***

The defendants contend that the plaintiff attempts to reargue its motion to compel and its memorandum of law contains "additional arguments not contained anywhere in Plaintiff's original papers." Moreover, despite quoting from it, the plaintiff provides no transcript from George Altris' deposition, using instead footnotes and "snippets of [his] testimony that Plaintiff believes supports the arguments that were contained in its April 17 Motion." According to the defendants, the plaintiff's counsel did not include the transcript from George Altirs' testimony because, "if he included the testimony that the designs were purchased in person, he would not

4

be able to argue that the purchases were made by email." The defendants contend that the plaintiff failed to seek, through its motion to compel, the production of emails and it failed to discuss with the defendants the information it claims it still needs. Moreover, the only good faith conference, held on April 8, 2013, "was focused on whether emails existed between GMA Accessories, Inc. and its factory in China."

The defendants maintain that the plaintiff's arguments purporting to show substantial justification "are nothing more than what appears to be a disagreement with the findings" in the May 24, 2013 order. According to the defendants, "[t]he fact remains that Plaintiff did not discuss with counsel the murky discovery requests that are eluded to in its April 17 Motion" and it disregarded federal and local rules.

*Plaintiff's Reply*

The plaintiff contends that the defendants "wrongly assert in their opposition that Plaintiff's Motion to Compel was denied because Plaintiff failed to 'meet and confer' as required by the relevant procedural rules." According to the plaintiff, the defendants' failure "to produce one single communication is not an isolated incident in this litigation," which is an issue "worth considering in the evaluation of whether an award of attorneys' fees would be unjust here."

*Legal Standard*

If a motion to compel discovery is denied, "the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Supreme Court has interpreted the phrase "substantially justified" to mean "'justified in

substance or in the main'—that is, justified to a degree that could satisfy a reasonable person," which is "more than merely undeserving of sanctions for frivolousness." Pierce v. Underwood, 487 U.S. 552, 565-66, 108 S. Ct. 2541, 2550 (1988).

*Application of Legal Standard*

The plaintiff's memorandum of law contains arguments not contained in its motion to compel, as well as footnotes and "snippets" of testimony the plaintiff believes supports its arguments. The plaintiff's attempt, in its opposition to the imposition of mandatory attorney's fees, to justify bringing its motion to compel by presenting new arguments and contentions in support of those arguments is meritless, because the reasons for bringing the motion to compel must be able to be ascertained from the motion to compel, not from additional arguments and contentions that could have been, but were not made through that motion. Even assuming it is proper to consider the plaintiff's new arguments and contentions in ascertaining whether its motion to compel was substantially justified to a degree that could satisfy a reasonable person, they do not aid the Court in determining whether the motion to compel was substantially justified. For example, the plaintiff argues that Exhibit E attached to Weldon's declaration shows that the plaintiff "was not permitted to query Frank Conforti . . . about Urban Outfitters' communications." Although none of the present contentions related to Frank Conforti was raised in the plaintiff's motion to compel, this argument is erroneous because nothing in Exhibit E supports it. Thus, this new argument does not aid the Court in determining whether the plaintiff's motion to compel was substantially justified. Similarly, the plaintiff's contention that Exhibit A to Weldon's declaration containing "[t]he reference to the May 28, 2012 letter" between the plaintiff and the purported counsel to Urban Outfitters UK Ltd., shows that "such communication exists, but it was not produced," was not made in the plaintiff's motion to

compel.  This failure is highlighted in the Court's May 24, 2013 finding that the plaintiff failed to comply with Local Civil Rule 37.1 because it did not set forth the grounds upon which it was entitled to prevail on its motion.  Although the plaintiff's motion to compel was accompanied by Weldon's declaration to which Exhibits A through O are attached, none of the exhibits is referenced in the motion and no argument(s) was made based on any of the exhibits.  Accordingly, contending now what could have been contended in the motion to compel does not show that the motion was substantially justified.  It would be unfair to the defendants to permit the plaintiff to make new arguments and contentions now in support of its motion to compel, which was denied.  Showing that the motion to compel was substantially justified cannot be satisfied by making new arguments in its support.

      The plaintiff contends that its motion to compel was "perhaps not most eloquently explained or articulated," because the motion's "lack of specificity as to what communications Plaintiff was seeking . . . was due to the Defendants' blocking the Plaintiff from receiving the information it needed in order to be more specific."  However, the plaintiff does not explain why its motion to compel did not contain arguments and contentions raised here—for the first time— or how the new arguments and contentions support its position that the motion to compel was substantially justified, given the plaintiff's position that "[z]ero communication had been produced by Defendants."  Thus, the arguments and contentions being made now by the plaintiff were also available to the plaintiff when the motion to compel was made; making them now, for the first time, does not show that the motion to compel was substantially justified.

      Moreover, the plaintiff's contention that special circumstances militate against awarding attorney's fees to the defendants because the plaintiff "followed all the rules related to the dispute and exhausted all of the procedures absent a Motion to Compel to resolve the dispute" is

7

meritless. As explained in the Court's May 24, 2013 denial of the motion to compel, the plaintiff failed to comply with Local Civil Rule 37.1 of this court because it did not set forth the grounds upon which it was entitled to prevail as to each request or response. It appears that is what the plaintiff is attempting to do here by raising new arguments and contentions that were not raised in its motion to compel. The plaintiff's purported challenge to the Court's finding that it failed to follow the local rule is not contemplated as a special circumstance warranting the finding that the motion to compel was substantially justified. Showing that special circumstances make an award of expenses unjust cannot be satisfied by rearguing the motion to compel with new arguments and contentions; it would create a result that is unfair to the defendants and not contemplated by Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure.

The plaintiff's memorandum of law appears to be nothing more than an attempt to reargue its motion to compel, but it falls short of convincing the Court that the motion was substantially justified to a degree that could satisfy a reasonable person. Therefore, the plaintiff failed to sustain its burden of showing that an exception to awarding mandatory attorney's fees to the defendants exists.

*Conclusion*

The plaintiff failed to establish that its motion to compel was substantially justified. The plaintiff is liable to the defendants for reasonable attorney's fees and expenses, pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure. It is ORDERED that:

(A)   on or before July 30, 2013, the defendants file evidence, via affidavit or other means, of the reasonable attorney's fees and expenses they incurred in responding to the plaintiff's motion to compel;

 (B) on or before August 13, 2013, the plaintiff file any challenge to the reasonableness of the attorney's fees and expenses sought by the defendants; and

 (C) on or before August 20, 2013, the defendants may file any reply.

Dated: New York, New York  
   July 22, 2013

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE