

**GUSY VAN DER ZANDT** LLP

261 MADISON AVENUE, 15TH FLOOR

NEW YORK, NEW YORK 10016

OFFICE + 1 (646) 502 8066

INFO@GUSYVANDERZANDT.COM

WWW.GUSYVANDERZANDT.COM

Carl M.R. Van der Zandt
Attorney at Law

August 5, 2013

<u>*Via ECF*</u>
The Honorable Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:     **MPD Accessories B.V. v. Urban Outfitters, Inc. et al.,**
> **Case No. 12-cv-6501(LTS)(KNF)**
>
> **PLAINTIFF'S OBJECTIONS PURSUANT TO 28 U.S.C. § 636 AND
> RULE 72 OF THE FEDERAL RULES OF CIVIL PROCEDURE TO THE
> MAGISTRATE JUDGE'S JULY 22, 2013 MEMORANDUM AND ORDER
> HOLDING PLAINTIFF LIABLE TO DEFENDANTS FOR REASONABLE
> ATTORNEYS FEES AND EXPENSES INCURRED BY DEFENDANTS
> IN RESPONDING TO PLAINTIFF'S MOTION TO COMPEL**

Dear Judge Swain:

Plaintiff MPD Accessories B.V. ("MPD" or "Plaintiff"), by and through its undersigned counsel, Gusy Van der Zandt LLP, hereby objects pursuant to Rule 72(a) of the Federal Rules of Civil Procedure ("FRCP") to the July 22, 2013 Memorandum and Order of Magistrate Judge Kevin Nathanial Fox (hereinafter "Order," attached as Exhibit A (DE112))  holding Plaintiff liable to Defendant Urban Outfitters, Inc. ("Urban Outfitters") and Defendant GMA Accessories Inc. d/b/a Capelli New York ("GMA Accessories") (collectively, "Defendants") for reasonable attorneys fees and expenses incurred by Defendants in Responding to Plaintiff's Motion to Compel (the "Motion to Compel"), and requests the Court set it aside.



## TABLE OF CONTENTS

I.      SUMMARY OF OBJECTIONS.................................................................................... 3

II.     THE ORDER IS CLEARLY ERRONEOUS AND CONTRARY TO LAW.......................... 6

III.    OBJECTIONS TO THE ORDER ............................................................................... 7

        Objection No. 1:............................................................................................ 9

        Objection No. 2:.......................................................................................... 11

        Objection No. 3:.......................................................................................... 14

IV.     THE ORDER, UNLESS SET ASIDE, WILL HAVE SIGNIFICANT ADVERVE
        RAMIFICATIONS FOR THE DISCOVERY PROCESS ................................................ 15

V.      CONCLUSION....................................................................................................... 17



## I.    SUMMARY OF OBJECTIONS

The Order found Plaintiff liable to Defendants for reasonable attorneys fees and expenses incurred by Defendants' in responding to Plaintiff's Motion to Compel (relevant docket entries filed by Plaintiff include: DE 78, 79, 80, 85, 94 and 97; DE 88 is the April 16, 2013 Rule 37.2 conference transcript) based on:

(i)    the conclusion contrary to law that the question of substantial justification is based upon the persuasiveness of the motion to compel, rather than on whether a party was justified in its act of bringing the motion,

(ii)   the clearly erroneous conclusion that any arguments or contentions, even if referring to a document submitted as an exhibit in support of the Motion to Compel, which were deemed not sufficiently brought to the Court's attention, may not be (and were not) considered in the Court's determination of substantial justification/unjustness, and

(iii)   the clearly erroneous conclusion that the Motion to Compel was not substantially justified, i.e., that reasonable people could not differ as to the appropriateness of the filing of the motion by Plaintiff.

The law, properly applied, requires that Plaintiff be given the opportunity to be heard regarding substantial justification/unjustness pursuant to Rule 37(a)(5)(B), which was ordered by the Magistrate Judge; however, this opportunity to be heard would be pointless if the Court will not consider arguments other than those it already reviewed in making its decision on the actual motion, and there is no case law supporting this approach.  In declining to fully consider Plaintiff's arguments in its memorandum and reply submitted in opposition to the imposition of attorneys fees (DE 94 and 97), the Magistrate Judge in essence negated the value of any such opportunity to be heard.



Plaintiff's ability to show the Court substantial justification is dependent on its right under Rule 37(a)(5)(B) to be heard, and that this argumentation pursuant to the Rule be duly considered by the Court.

Upon consideration of all of Plaintiff's arguments, contentions and points, the facts related to the Motion to Compel prove that it was substantially justified because:

- Although served with Plaintiff's First Request for the Production of Documents on October 3, 2012, the two Defendants, both large multinational corporations, **did not produce one single communication** to Plaintiff before it filed the Motion to Compel on April 17, 2013;

- From December 2012 through February 2013, letters were required to be submitted to the Court and a telephone conference was required regarding Defendants' refusal to even produce basic figures and documentation relating to revenues and categories of deductible expenses for the scarves which are subject of this lawsuit (DE 79, ¶ 7-11) (DE 31), some of which were then forthcoming when the Court specifically ordered the Defendants to provide same;

- The entire document production of Urban Outfitters was 6 purchase orders and 1 spreadsheet (DE 79, ¶ 8), which revealed that it was incomplete;

- The entire document production of GMA Accessories was 2 spreadsheets, 6 purchase orders and 10 invoices (DE 79, ¶ 8), which revealed that it was incomplete;

- A letter between two different European law firms dated May 29, 2012 showed that communications were missing from Defendants' document production (DE 79, ¶ 2 (Ex. A to DE 79));

- The only entity listed in response to Plaintiff's First Set of Interrogatories was Hangzhou Tongshi Silk Co., Ltd. (no contact person or email address listed), even though the documents showed that the contact information/contact details of other individuals/entities were missing, for example GLG Investments Inc. (DE 94, p. 7) (DE 88);

- By letter dated March 22, 2013, Plaintiff described in detail these discovery issues relating to document production and interrogatory responses to Defendants and requested that same be cured (DE 79, ¶ 14);

- On March 27, 2013, Defendants' counsel acknowledged during the deposition of George Altirs that Plaintiff had specifically clarified and requested, *inter alia*, production of responsive emails, and that Defendant

4



believed that this "was an interesting interpretation of request number one" (DE 94, p. 11) (DE 88);

- On March 27, 2013, George Altirs admitted that there was email traffic between relevant parties (DE 94, p. 9) (DE 88) (DE 97, Exhibit K);

- By letter dated April 3, 2013, Plaintiff once again described in detail the discovery issues relating to document production and interrogatory responses to Defendants and requested that same be cured (DE 79, ¶ 18);

- Plaintiff then arranged for a "meet and confer," and the parties had a telephone conference on April 8, 2013 regarding the issues outlined in Plaintiff's letters to Defendants, and Plaintiff demanded that the discovery issues be cured by April 10, 2013 (DE 79, ¶ 19);

- Instead of curing these discovery deficiencies, Defendants requested proof from the Plaintiff that relevant communications and emails existed, even though Defendants had not searched for same (DE 79, ¶ 20, 22);

- On April 15, 2013, Plaintiff thus submitted a request for an informal conference pursuant to Local Civil Rule 37.2, and Magistrate Judge Fox found that the dispute could not be resolved through the Rule 37.2 conference and permitted a motion to be filed (DE 79, ¶ 26-27) (DE 88);

- Defendants have never affirmed to the Court or to Plaintiff that (i) all emails and other communications have been searched or (ii) that there is not one responsive communication.

The Order concluded in general that Plaintiff was not permitted to make "new arguments and contentions" in support of its opposition to the imposition of attorneys fees to address the issue of whether the Motion to Compel was substantially justified and/or that the imposition of attorneys fees would be unjust.  Furthermore, the Order concluded that Plaintiff "contending now what could have been contended in the motion to compel does not show that the motion was substantially justified," and that "[i]t would be unfair to defendants to permit the plaintiff to make new arguments and contentions now in support of its motion to compel, which was denied."  These conclusions are all similarly flawed.   MPD, in its memorandum and reply opposing the imposition of attorneys fees, did not submit any arguments or conclusion in support of its denied



Motion to Compel, but rather submitted arguments and contentions by making reference to the record in order to show the Court that MPD's filing of the Motion to Compel was substantially justified in the circumstances it faced, as well as pursuant to good law.

Upon proper consideration of the bullet points listed above, there is little doubt that at the very least reasonable people could differ as to whether MPD's filing of the Motion to Compel was appropriate, and that MPD's position had a reasonable basis in law and fact.  The question contemplated by this inquiry is not whether on the merits MPD was entitled to succeed on the motion.  The question is not whether the motion was well-argued, well-reasoned or reached a certain level of persuasiveness.  The question before the Court is rather whether in filing the motion, MPD acted justifiably.

Accordingly, MPD respectfully requests that this Court, upon consideration of its objections, vacate the Order and find that the Motion to Compel was substantially justified and/or that the imposition of attorneys fees in these circumstances would be unjust.

## II.  THE ORDER IS CLEARLY ERRONEOUS AND CONTRARY TO LAW

Within fourteen days after being served with a magistrate judge's non-dispositive order, any party may serve and file written objections to such order.  *See* 28 U.S.C. §636(b)(1); *see also* Fed. R. Civ. P. 72(a).  A district court judge reviews *de novo* each finding or recommendation to which objection is made. *Id.*  The Court is authorized to accept, reject, or modify, in whole or in part, the magistrate judge's findings. *Id.*

Under Rule 72(a), a district court judge may set aside a non-dispositive order of a magistrate judge when that order is clearly erroneous or contrary to law.  *See Palmiotti v. Metro. Life Ins. Co.*, No. 04-cv-0718, 2006 U.S. Dist. LEXIS 8031, at *2-3 (S.D.N.Y. Mar. 1, 2006) (citing 28 U.S.C.A. § 636(b)(1)).  "A finding is 'clearly erroneous' when



although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004). An order is contrary to law "'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

If a magistrate judge does not offer a reasoned explanation for a decision, the court must review the record "with particular, even painstaking care." *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1385, 1408 (D.C. Cir. 1988). Here, the Order does not explain the conclusion that MPD lacked substantial justification for bringing the Motion to Compel.

The instant Order is clearly erroneous and contrary to law, as set forth in these objections of MPD. Accordingly, the Order should be set aside, and this Court should issue a new order that Defendants' attorneys fees not be imposed upon MPD.

## III. OBJECTIONS TO THE ORDER

Although Rule 37(a)(5)(B) provides for an award of reasonable expenses against a party unsuccessfully making a motion to compel, it goes on to provide that "the court **must not** order this payment [of reasonable expenses] if the motion was substantially justified or other circumstances make an award of expenses unjust" (emphasis supplied).

According to the Advisory Committee notes, the 1970 amendments to the rule were intended to ensure that expenses would not be awarded if "a court finds that the losing party acted justifiably in carrying his point to court." PRCRP 37, 1970 Advisory



Committee notes.  This provision was intended to help deter "abuses occurring in the discovery process."  *Id.  See Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647 (9th Cir. 1982).

A motion to compel may be deemed "substantially justified" so long as "'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'"  *Doe v. Lexington Fayette Urban Cnty. Gov't,* 407 F.3d 755, 765 (6th Cir.2005) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)) (explaining that the appropriate connotation for "substantially justified" is "justified to a degree that could satisfy a reasonable person" (citation and quotation marks omitted)); *see also Bowne of N.Y.C. v. AmBase Corp.,* 161 F.R.D. 258, 262 (S.D.N.Y.2005) (explaining that the "substantial justification" standard "holds the opposing party to an objective test of reasonableness and does not require that he acted in good faith" (citing *Pierce,* 487 U.S. at 565)); s*ee also* C. Wright and A. Miller, Federal Practice and Procedure § 2288 (3d ed.) (defining a "substantially justified" motion as one for which "reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule").  "The test [for substantial justification] is essentially one of reasonableness." *FEC v. Political Contributions Data, Inc.,* 995 F.2d 383, 386 (2d Cir.1993).

This Court has noted the importance that impositions of expenses and sanctions not "chill" legitimate efforts at discovery.  *See Whitehouse Investments Ltd. v. Bernstein*, 51 F.R.D. 163, 167 n.11 (S.D.N.Y. 1970).

In its analysis of whether the imposition of attorneys fees are proper, the Court must weigh the determination in light of the full record.  *See Cine Forty-Second Street Threatre Corp. v. Allied Artists Pictures*, 602 F.2d 1062, 1068 (2d Cir. 1979).  For example, in evaluating whether a party's position was warranted by existing law, the



Second Circuit found it "substantially justified" when the party relied on a "controlling decision of the court to support its litigation position," even if that law changed thereafter. *Commodity Futures Trading Com'n v. Dunn*, 169 F.3d 785, 787 (2d Cir. 1999).

In the discovery context, the Court found that because it was reasonable for the plaintiff "to pursue all avenues and theories" relating to the "period of limited discovery" in which the discovery issues arose, that plaintiff's discovery related actions were substantially justified, although unsuccessful in the end. *La Piel, Inc. v. Richina Leather Indus. Co. Ltd.*, 2013 WL 1315125, *16 (March 29, 2013, E.D.N.Y.). The Court went on to state that even though the plaintiff's decision could even be considered "ill-advised," this alone was not "a basis to award expenses to defendants in connection with their efforts" in successfully defending against the discovery actions. *Id.* at *17.

### *Objection No. 1:*

**The Order adjudged the question of substantial justification of the Motion to Compel based on the persuasiveness of the motion itself, rather than on whether the bringing of the motion by MPD was substantially justified given the facts and circumstances and controlling law**

In denying the Motion to Compel, it was found that Plaintiff had not sufficiently set forth "the grounds upon which it was entitled to prevail on its motion" pursuant to Local Civil Rule 37.1, and the Order concluded that given this finding, Plaintiff's arguments and contentions as contained in its memorandum and reply opposing the imposition of attorneys fees could not be used "show that the motion was substantially justified" to the extent that they were not lodged in the motion itself. The Order thus equates the persuasiveness of the motion itself as determinative to the question of substantial justification. The inquiry under Rule 37(a)(5)(B), however, is not whether a person could have found the Motion to Compel to be reasonably articulated or reasonably set forth the



grounds upon which it was entitled to prevail, but rather if reasonable people in MPD's situation could have differed as to whether it was prudent to file a motion to compel.  As the Court found in *Bowne of N.Y.C. v. AmBase Corp., supra,* it is not even necessary for the Court to find that MPD acted in good faith in filing the motion in order to find that MPD was substantially justified in bringing the Motion to Compel.

In bringing the motion, MPD acted reasonably because it had a well-founded belief that an order from the Court was needed to induce the Defendants to respond to Plaintiff's First Request for the Production of Documents, and that such requests were calculated to include emails and other communications.  When the Rule 37.2 conference did not produce such an order, and it remained the case that zero communications were produced, MPD had to resort to the Motion to Compel because these communications are relevant to the question of whether Defendants had knowledge of MPD's claim of infringement as early as May 2012, which could have a significant effect on the Court's analysis of deductible expenses in this type of case.  And in is memorandum, DE 94, MPD explained the bases in law for it seeking the basic communications from Defendants relevant to this case, as well as the circumstances leading it to believe that requesting on order from the Court on this point was necessary.

The Order characterizes Plaintiff's memorandum and reply opposing the imposition of attorneys fees as a "purported challenge to the Court's finding that it failed to follow the local rule," but this view is flawed.  Plaintiff accepted that the Court denied its Motion to Compel; and in filing the memorandum and reply opposing the imposition of attorneys fees, Plaintiff was not trying to reargue the Motion to Compel.  Plaintiff did not file any Rule 72 objections, and Plaintiff did not file a motion for reconsideration relating to the denial of the Motion to Compel.  Through the memorandum and reply opposing



the imposition of an award of attorneys fees, Plaintiff merely sought to show the Court, as provided for by Rule 37(a)(5)(B), why it was substantially justified in bringing the Motion to Compel and acted reasonably in the circumstances based on the controlling law and the facts that it faced.

Under the rationale of the Order, no discovery motion that has been denied can be found to be substantially justified, but this would be an unfair result that is contrary to the law and its purpose.  Rather, consistent with the Advisory Committee notes for Rule 37, the rule is designed to help deter discovery abuses and ensure that parties **act justifiably** in bringing matters to the Court, not to regulate the persuasiveness of discovery motions.  *See* PRCRP 37, 1970 Advisory Committee notes, *supra*.

Accordingly, the Order's misapplication of the Rule 37(a)(5)(B) inquiry into substantial justification, focusing on the persuasiveness of the motion rather than whether MPD was substantially justified in carrying its point to the Court through the Motion to Compel, mandates the Order be set aside.

### Objection No. 2:

**The Order excluded consideration of any argumentation or contentions it deemed not sufficiently raised in the Motion to Compel**

In finding that the Motion to Compel was not substantially justified, the Order concluded that no "new" arguments or contentions could be raised in support of Plaintiff's opposition to the imposition of the award of attorneys fees, in that they were not explicitly made or fully flushed out in the Motion to Compel.  The Order specifically states that [a]lthough the plaintiff's motion to compel was accompanied by Weldon's declaration to which Exhibits A through O are attached, none of these exhibits is referenced in the motion and no argument(s) was made based on any of the exhibits."

11



But the Weldon Declaration was incorporated by reference into the Plaintiff's memorandum of law in support for its statement of facts section (DE 80, p. 2).

In its memorandum and reply in opposition to the imposition of attorneys fees, Plaintiff pointed to facts in the record, provided through its memorandum of law, declaration of counsel, and reply, outlining (i) what legal reasons MPD had for bringing the Motion to Compel and (ii) why MPD reasonably believed that the motion was necessary and was reasonably calculated to result in the production of discoverable information. For example, in order to show the Court that MPD was reasonable in believing that there were communications that had not been produced, MPD pointed the Court's attention to Exhibit A of DE 79, which in counsel's declaration in support of the motion explained that this letter referred to previous correspondence on infringement of the Stipe Design from May 2012 (DE 79, ¶ 2). As pointed out in DE 80, under controlling law, MPD would be entitled to that and related communications, and this is a point on which the Order does not appear to disagree.

In addition, MPD supplied deposition designations from George Altirs deposition to show his references to email communication, and Defendants did not submit any counter designations to clarify any point on this testimony. In light of the procedural history, including (a) two letters, (b) a "discussion" during George Altirs deposition, (c) a meet and confer, and (d) a Rule 37.2 conference with the Court - at which the Court found that these issues could not be resolved through the conference - and at which the deposition testimony of George Altirs was referred to, these points show that MPD acted justifiably in bringing the motion. MPD did not reargue the Motion to Compel in its memorandum and reply on the issue of the award of attorneys fees. On the contrary, all



the bullet points outlined in Section I above were made by MPD to show that it acted justifiably in bringing the Motion to Compel.

The Order attempts to justify barring arguments and contentions of MPD by concluding that it would be "unfair" to permit the plaintiff to make any arguments not contained in the motion to compel as filed, but the memorandum and reply (DE 94 and 97) where not submitted in support of the Motion to Compel.  Rather, the arguments and contentions contained in the memorandum and reply were supplied to the Court pursuant to Rule 37(a)(5)(B), which requires that a party be given the opportunity to be heard regarding the imposition of attorneys fees.  And the approach of limiting the scope of this inquiry to the moving papers themselves is contrary to the Rule, both in substance and effect.  The Order also concludes that MPD's "reasons for bringing the motion to compel must be able to be ascertained from the motion to compel."  This conclusion is similarly flawed.  First, giving a party the opportunity to be heard pursuant to Rule 37(a)(5)(B) regarding substantial justification with this caveat would make such a presentation superfluous and meaningless, especially when this is a party's chance to present the reasons for bringing the motion, the basis of law and the relevant facts, the evaluation of which is crux of the substantial justification determination.  When making these types of determinations regarding the imposition of attorneys fees, the Second Circuit has held that the entire record must be considered, which is also contrary to this exclusionary approach.  *See Cine Forty-Second Street Theatre*, 602 F.2d at 1068.  Indeed, as shown by the all of the bullet points outlined above with citations to the record, MPD's arguments and contentions were grounded in facts contained in Plaintiff's moving papers and the letters and conferences with the Court leading up to the filing of the Motion to Compel.



All of these above-outlined facts, points and circumstances, including that the Order did not duly consider MPD's arguments and contentions, mandate the Order be set aside.

### *Objection No. 3:*

**The Order's conclusion that MPD's Motion to Compel was not substantially justified is unsupported by the record and clearly erroneous**

Putting aside the evaluation of the persuasiveness of MPD's Motion to Compel, given the circumstances as outlined above in the bullet points of Section I, the only reasonable conclusion upon due consideration of these points and those raised in the Motion to Compel and the memorandum and reply relating to the issue of the awarding of attorneys fees, is that MPD was substantially justified in bringing the Motion to Compel. That is, taking into account these facts and controlling law on the production and other discovery obligations of Defendants, reasonable people could genuinely differ as to whether MPD acted appropriately in bringing the Motion to Compel. Indeed, the Order does not set forth a reasoned opinion as to why the Motion to Compel was not substantially justified.

As pointed out above and in Plaintiff's memorandum and reply in opposition to the imposition of attorneys fees, MPD had no alternative to bringing the Motion to Compel. It had exhausted all other means of achieving the discovery raised through the Motion to Compel, and since the communications it sought would show whether Defendants were selling the scarves in question all last summer with full knowledge of MPD's claims of infringement - willfully - such information is very relevant to MPD's case. Without rehashing each of the bullet points outlined above in Section I, MPD respectfully submits that upon considering those points, as well as those contained in the relevant



record, the Court will be left with a "definite and firm conviction" that the Motion to Compel was substantially justified.

Similarly, the Motion to Compel as to Defendants' incomplete responses to interrogatory no. 1 is substantially justified.  As Plaintiff has stated in the relevant record, Defendants's response to interrogatory no. 1, regarding what entities or individuals that Defendants have been in contact with regard to the scarves in question, including contact persons and email addresses, was insufficient. This point is self-evident as no contact information, contact person, or email address was provided for GLG Investments Inc., Urban Outfitters, Inc. GMA Accessories Inc., let alone any other entity other than the factory in Hangzhou, China, which did not even include the name of a contact person or an email address.  This point is interconnected to Defendants' lack of any production of communications, and reveals that Defendants have fully obstructed MPD's investigation of relevant points of this case through discovery.

Therefore, upon consideration of the entire record, Plaintiff submits that the Court should be left with the "definite and firm" conviction that the Motion to Compel was substantially justified or otherwise that an award in these circumstances would be unjust, and Plaintiff respectfully requests the Court to vacate the Order and find that MPD's Motion to Compel was substantially justified or that an award of expenses in these circumstances would be unjust.

**IV.     THE ORDER, UNLESS SET ASIDE, WILL HAVE SIGNIFICANT ADVERVE RAMIFICATIONS FOR THE DISCOVERY PROCESS**

The Order has far-reaching adverse ramifications well beyond this case. According to the Order, any motion on which a party does not ultimately prevail would by definition not be substantially justified, and in essence a party's opportunity to be heard



pursuant to Rule 37(a)(5)(B) will be negated.  This is because (i) the Order concludes that a party may not make any arguments, contentions or points in its substantially justification explanation that are not contained in the party's moving papers, and (ii) may not draw the Court's attention to information that was not specifically, explicitly or clearly pointed out to the Court in support of its argument on substantial justification, even if that material was actually submitted with the motion in question.

These conclusions and this approach to the question of substantial justification for a discovery motion are contrary to the law and would have the very effect that this Court in *Whitehouse Investments Ltd. v. Bernstein, supra,* warned against: that the impositions of expenses and sanctions will "chill" legitimate efforts at discovery, especially as is the case here, where over $30,000 of attorneys fees is claimed by Defendants related to a memorandum in opposition and a declaration in opposition to the Motion to Compel.  Under the Order's conclusions, a party can be guaranteed that if it does not prevail on its discovery motion, attorneys fees will be imposed.  This is not the result contemplated by the Federal Rules, and indeed would be an unjust procedure.

This consequence was likely unintended by the Magistrate Judge.  Nonetheless, in evaluating MPD's objections, the Court is urged to give them serious consideration.



## V.  CONCLUSION

For the foregoing reasons, and those set forth in the record, MPD respectfully requests that the Court (1) vacate Judge Fox's Order because it is clearly erroneous and contrary to law, and (2) find MPD's Motion to Compel substantially justified and/or that the imposition of attorneys fees against MPD in this respect would be unjust.


GUSY VAN DER ZANDT LLP


By: _____
Carl M.R. Van der Zandt (CZ2510)
261 Madison Avenue, 15th Floor
New York, New York 10016
(646) 502-8066

*Attorneys for Plaintiff MPD
Accessories B.V.*


cc:     Counsel for Defendants *(via ECF)*
        Client *(via e-mail)*

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MPD ACCESSORIES, B.V.,                        :

              Plaintiff,          :

          -against-                :     **MEMORANDUM AND ORDER**

URBAN OUTFITTERS, INC.,                      :        12 Civ. 6501 (LTS) (KNF)
GMA ACCESSORIES INC. d/b/a/ CAPELLI
NEW YORK, and ABC CORPS 1-5,          :

            Defendants.         :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

On May 24, 2013, the Court denied the plaintiff's motion to compel discovery, made pursuant to Rule 37 of the Federal Rules of Civil Procedure, and directed the plaintiff to address the issue of whether any exception exists to awarding mandatory attorney's fees to the defendants, pursuant to Rule 37(a)(5)(B). Before the Court is the plaintiff's memorandum of law in compliance with the May 24, 2013 order, the defendants' response to it and the plaintiff's reply.

***Plaintiff's Contentions***

The plaintiff contends that its motion to compel discovery was substantially justified because it was based upon a reasonable belief that the information and documents sought existed. According to the plaintiff, communications between the defendants and among the defendants and third parties related to the designs at issue in this action were requested "because of their relevance to the question of whether the Defendants had knowledge as early as May 2012 of the Plaintiff's claim of copyright infringement of the Designs." The plaintiff contends that the information sought in Interrogatory No. 1 was based on the testimony of George Altirs,

who "admitted during his deposition that GLG Investment Group, Inc. was a customer of GMA Accessories." Thus, "[s]ince GMA Accessories sold the Designs to Urban Outfitters, Urban Outfitters UK Ltd. and GLG Investment Group, Inc., it is reasonable to believe that it had contacts at each of those entities." Moreover, the plaintiff asserts, understanding communications between the defendants and among the defendants and third parties is important in ascertaining who had knowledge of the plaintiff's copyright infringement claim. "Although perhaps not most eloquently explained or articulated," the plaintiff's motion had "a reasonable basis in law and fact."

Concerning Document Request No. 1, the plaintiff contends:

Plaintiff communicated with Urban Outfitters UK Ltd. regarding the Designs as early as May 2012, before a majority of the sales of the Designs were made in the United States by Defendants. *See* [Matthew J.] Weldon [Decl.], Exhibit A.[1]  These communications were sent to Boyes Turnes LLP, counsel for Urban Outfitters UK Ltd., and the letter provided by the Plaintiff to the Court referenced a communication

---

[1] Exhibit A to the declaration by the plaintiff's counsel Matthew J. Weldon ("Weldon"), submitted in support of the plaintiff's motion to compel, consists of three pages, the first of which appears to be a letter, dated May 29, 2012, from Margot Span, at "Koster Advocaten N.V., on behalf of Suzan Houben-van Geldorp," to Holly Strube, at Boyes Turner LLP, "Re: MPD Accessories/Urban Outfitters." The letter states at the first page:

Dear Madam, Sir,
Reference is made to your letter of 28 May 2012. The arguments raised in your letter are no reason for my client to not further pursue this matter. The fact that your client indicates that it has bought the Colour Block Stripe Scarf from its supplier in good faith has no significance given the fact that your client, as a professional player in the fashion industry has the obligation to not purchase and sell goods or designs that are a clear infringement of my clients' unregistered community design and copyrights. Your client is liable for the damages sustained by my client because of these evident infringements and my client is entitled to the undertakings as mentioned in the cease and desist declaration by no later than 30 May 2012. In the event that your company fails to comply with this request my client instructed me to immediately commence legal proceedings against your client. MPD reserves all rights and in particular the right to file more drastic claims than may be deduced from the contents of the cease and desist declaration.

2

from that law firm for Urban Outfitters UK Ltd. dated May 28, 2012. *Id.* The May 28 letter, and any other communication related to same, was not produced. The reference to the May 28, 2012 letter is uncontested evidence that such communication exists, but it was not produced.

The plaintiff contends that the defendants did not produce any communication: (a) to the plaintiff; (b) "to or from Urban Outfitters"; and (c) "to or from GMA Accessories." It maintains that "George Altirs admitted e-mail communication with Hangzhou Tongshi Silk Co., Ltd. wouldn't come directly to him, but that he only reviewed certain emails," and he "implied that there was e-mail communication with buyers from Urban Outfitters UK, Ltd., either together with US buyers or separately." The plaintiff asserts it is implausible that "zero communication exists," and it is "not even clear to Plaintiff that the Defendants have taken that position."

According to the plaintiff, it was unable to identify adequately the documents it was seeking in its motion to compel because "it has been blocked from the information required to make a better description of such documents." For example, the defendants blocked the questioning of George Altirs about e-mail communication the plaintiff requested, despite their awareness of his communications with a "Chinese factory and Urban Outfitters." Moreover, the plaintiff contends, "as shown by Weldon [Decl.], Exhibit E,[2] Plaintiff was not permitted to query Frank Conforti, Urban Outfitters' witness who submitted an affidavit regarding Urban Outfitter's net income calculations, about Urban Outfitters' communications" because "it was contemplated

---

[2] Exhibit E, to the Weldon declaration, consists of two e-mail messages. Only the e-mail message from Conor Donnelly to Weldon, dated "March 15, 2013 9:28 AM," mentions Frank Conforti; it does so in the following paragraph:

> I am still waiting for you to advise as commemorated below and discussed on March 13, whether you are interested in witnesses to cover any other topics other than the subjects contained in the Urban Outfitters, Inc. Declaration that was executed by its CFO Mr. Conforti. I can then propose dates for all of the Urban Outfitters depositions.

3

by Plaintiff and Urban Outfitters that another witness would be deposed with regard to any other topics." However, "[t]his never happened, and Plaintiff was blocked from obtaining information needed to identify more particularly the communications to or from Urban Outfitters."

The plaintiff also contends that additional circumstances would make an award of sanctions unjust. For example, it asserts that despite the parties' "meet and confer," the defendants "unilaterally operated under the assumption that Plaintiff was only seeking a very limited scope of e-mails, which was not the case." When the defendants represented in their letter to the Court that "no emails existed between GMA and its factory in China that enclosed the purchase orders," they failed to "address the deficiency that Plaintiff identified to Defendants in two separate letters and during two separate conferences. Defendants' statement only address [sic] one narrow category of e-mails that GMA may have, *those attaching invoices*, but no other categories; and the statement fails to address the production of Urban Outfitters entirely." The plaintiff contends that, inasmuch as it had a reasonable belief that communications exist to or from the defendants and that the defendants "have not denied that such communications are in [their] control," awarding attorney's fees to the defendants would be unjust.

***Defendants' Contentions***

The defendants contend that the plaintiff attempts to reargue its motion to compel and its memorandum of law contains "additional arguments not contained anywhere in Plaintiff's original papers." Moreover, despite quoting from it, the plaintiff provides no transcript from George Altris' deposition, using instead footnotes and "snippets of [his] testimony that Plaintiff believes supports the arguments that were contained in its April 17 Motion." According to the defendants, the plaintiff's counsel did not include the transcript from George Altirs' testimony because, "if he included the testimony that the designs were purchased in person, he would not

4

be able to argue that the purchases were made by email." The defendants contend that the plaintiff failed to seek, through its motion to compel, the production of emails and it failed to discuss with the defendants the information it claims it still needs. Moreover, the only good faith conference, held on April 8, 2013, "was focused on whether emails existed between GMA Accessories, Inc. and its factory in China."

The defendants maintain that the plaintiff's arguments purporting to show substantial justification "are nothing more than what appears to be a disagreement with the findings" in the May 24, 2013 order. According to the defendants, "[t]he fact remains that Plaintiff did not discuss with counsel the murky discovery requests that are eluded to in its April 17 Motion" and it disregarded federal and local rules.

### *Plaintiff's Reply*

The plaintiff contends that the defendants "wrongly assert in their opposition that Plaintiff's Motion to Compel was denied because Plaintiff failed to 'meet and confer' as required by the relevant procedural rules." According to the plaintiff, the defendants' failure "to produce one single communication is not an isolated incident in this litigation," which is an issue "worth considering in the evaluation of whether an award of attorneys' fees would be unjust here."

### *Legal Standard*

If a motion to compel discovery is denied, "the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Supreme Court has interpreted the phrase "substantially justified" to mean "'justified in

5

substance or in the main'—that is, justified to a degree that could satisfy a reasonable person," which is "more than merely undeserving of sanctions for frivolousness." Pierce v. Underwood, 487 U.S. 552, 565-66, 108 S. Ct. 2541, 2550 (1988).

**Application of Legal Standard**

The plaintiff's memorandum of law contains arguments not contained in its motion to compel, as well as footnotes and "snippets" of testimony the plaintiff believes supports its arguments. The plaintiff's attempt, in its opposition to the imposition of mandatory attorney's fees, to justify bringing its motion to compel by presenting new arguments and contentions in support of those arguments is meritless, because the reasons for bringing the motion to compel must be able to be ascertained from the motion to compel, not from additional arguments and contentions that could have been, but were not made through that motion. Even assuming it is proper to consider the plaintiff's new arguments and contentions in ascertaining whether its motion to compel was substantially justified to a degree that could satisfy a reasonable person, they do not aid the Court in determining whether the motion to compel was substantially justified. For example, the plaintiff argues that Exhibit E attached to Weldon's declaration shows that the plaintiff "was not permitted to query Frank Conforti . . . about Urban Outfitters' communications." Although none of the present contentions related to Frank Conforti was raised in the plaintiff's motion to compel, this argument is erroneous because nothing in Exhibit E supports it. Thus, this new argument does not aid the Court in determining whether the plaintiff's motion to compel was substantially justified. Similarly, the plaintiff's contention that Exhibit A to Weldon's declaration containing "[t]he reference to the May 28, 2012 letter" between the plaintiff and the purported counsel to Urban Outfitters UK Ltd., shows that "such communication exists, but it was not produced," was not made in the plaintiff's motion to

compel.  This failure is highlighted in the Court's May 24, 2013 finding that the plaintiff failed

to comply with Local Civil Rule 37.1 because it did not set forth the grounds upon which it was

entitled to prevail on its motion.  Although the plaintiff's motion to compel was accompanied by

Weldon's declaration to which Exhibits A through O are attached, none of the exhibits is

referenced in the motion and no argument(s) was made based on any of the exhibits.

Accordingly, contending now what could have been contended in the motion to compel does not

show that the motion was substantially justified.  It would be unfair to the defendants to permit

the plaintiff to make new arguments and contentions now in support of its motion to compel,

which was denied.  Showing that the motion to compel was substantially justified cannot be

satisfied by making new arguments in its support.

      The plaintiff contends that its motion to compel was "perhaps not most eloquently

explained or articulated," because the motion's "lack of specificity as to what communications

Plaintiff was seeking . . . was due to the Defendants' blocking the Plaintiff from receiving the

information it needed in order to be more specific."  However, the plaintiff does not explain why

its motion to compel did not contain arguments and contentions raised here—for the first time—

or how the new arguments and contentions support its position that the motion to compel was

substantially justified, given the plaintiff's position that "[z]ero communication had been

produced by Defendants."  Thus, the arguments and contentions being made now by the plaintiff

were also available to the plaintiff when the motion to compel was made; making them now, for

the first time, does not show that the motion to compel was substantially justified.

      Moreover, the plaintiff's contention that special circumstances militate against awarding

attorney's fees to the defendants because the plaintiff "followed all the rules related to the

dispute and exhausted all of the procedures absent a Motion to Compel to resolve the dispute" is

meritless.  As explained in the Court's May 24, 2013 denial of the motion to compel, the plaintiff failed to comply with Local Civil Rule 37.1 of this court because it did not set forth the grounds upon which it was entitled to prevail as to each request or response.  It appears that is what the plaintiff is attempting to do here by raising new arguments and contentions that were not raised in its motion to compel.  The plaintiff's purported challenge to the Court's finding that it failed to follow the local rule is not contemplated as a special circumstance warranting the finding that the motion to compel was substantially justified.  Showing that special circumstances make an award of expenses unjust cannot be satisfied by rearguing the motion to compel with new arguments and contentions; it would create a result that is unfair to the defendants and not contemplated by Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure.

The plaintiff's memorandum of law appears to be nothing more than an attempt to reargue its motion to compel, but it falls short of convincing the Court that the motion was substantially justified to a degree that could satisfy a reasonable person.  Therefore, the plaintiff failed to sustain its burden of showing that an exception to awarding mandatory attorney's fees to the defendants exists.

### *Conclusion*

The plaintiff failed to establish that its motion to compel was substantially justified.  The plaintiff is liable to the defendants for reasonable attorney's fees and expenses, pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure.  It is ORDERED that:

(A)    on or before July 30, 2013, the defendants file evidence, via affidavit or other means, of the reasonable attorney's fees and expenses they incurred in responding to the plaintiff's motion to compel;

8

(B)     on or before August 13, 2013, the plaintiff file any challenge to the

reasonableness of the attorney's fees and expenses sought by the defendants; and

(C)     on or before August 20, 2013, the defendants may file any reply.

Dated:  New York, New York                           SO ORDERED:
        July 22, 2013

                                         _Kevin Nathaniel Fox_
                                         KEVIN NATHANIEL FOX
                                         UNITED STATES MAGISTRATE JUDGE

9