UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MPD ACCESSORIES, B.V.,                              :

                  Plaintiff,          :

        -against-                            :          **MEMORANDUM AND ORDER**

URBAN OUTFITTERS, INC.,                          :          12 Civ. 6501 (LTS) (KNF)
GMA ACCESSORIES INC. d/b/a/ CAPELLI
NEW YORK, and ABC CORPS 1-5,               :

             Defendants.         :
-----------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*Introduction*

      Before the Court is the defendants' motion,[1] for an order: (1) "to preclude the plaintiff

from introducing evidence in support of her [sic] claim that the subject design was original

and/or created by Plaintiff," pursuant to Rule 37(b)(2)(A)(ii); (2) "to compel the plaintiff to

produce the 30(b)(6) witness, Joris Drontmann" ("Drontmann"), pursuant to Rule

37(a)(3)(B)(2),[2] or, alternatively, "to compel Corine Kamp ["Kamp"] and Joris Drontmann to

comply with the prior Court's orders with Court Ordered deposition dates by way of a

Conditional Preclusion Order"; and (3) "for attorneys' fees and related expenses," pursuant to

_____

[1] The notice of motion, Docket Entry No. 99, is signed by "The Bostany Law Firm, PLLC . .. Charen Kim, Esq. ["Kim"]. . . . Attorneys for Plaintiff." This is not the first time Kim signed a paper submitted to the court representing that she is counsel to the plaintiff. See Docket Entry No. 67. The Bostany Law Firm PLLC and Kim represent the defendants in this action, not the plaintiff.

[2] Although the defendants' notice of motion indicates that it is made pursuant to "Rule 37(a)(3)(B)(2)," no such rule exists. The Court assumes this part of the defendants' motion is made pursuant to Rule 37(a)(3)(B)(ii).

1

Rule 37(a)(5)(A) and Rule 37(b)(2)(C), "and for such other relief as this Court deems just and proper." The plaintiff opposes the motion.

***Relevant Procedural History***

On December 20, 2012, the defendants served the plaintiff's law firm "Gusy Van der Zandt LLP," in New York, New York, notices of deposition for Kamp,[3] to be held on January 28, 2013, and "one or more" of the plaintiff's "officers, directors, managing agents, or other persons," pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, to be held on January 25, 2013. On February 13, 2013, the assigned district judge ordered the plaintiff to respond to the defendants' outstanding discovery requests by March 15, 2013.

By a letter, dated February 25, 2013, the plaintiff requested that "the depositions of Menno Menke ["Menke"] and Corine Kamp be permitted to be taken via video-conference, or in the alternative that at least the deposition of Corine Kamp be permitted to be taken via video-conference." Menke is the plaintiff's owner and chief executive officer. On March 6, 2013, the Court conducted a conference to address the plaintiff's request. During the conference, the defendants' counsel explained that the plaintiff's counsel chose March 11, 2013, as a convenient deposition date for Menke and Kamp. The plaintiff's counsel stated:

> Well that date was suggested with the possibility in mind, and I had asked defendant's [sic] counsel to do at least some of these depositions via videoconference. . . . The designer, she's traveling in the Far East and in India and she won't be back until April, and so the earliest she could appear would be in New York that is, would be April 15th.

The Court reminded the plaintiff's counsel that all discovery obligations had to be met by March

---

[3] The defendants' deposition notice seeks to depose Corine Camp. However, the plaintiff identifies that person as its employee and spells her name: "Corine Kamp," which is how the Court will refer to her here.

15, 2013, and that, "if the client elects to do other than that, there are potentially consequences to

the client." The plaintiff's counsel then raised with the Court, for the first time, the issue of

whether new deposition notices needed to issue by the defendants. He stated: "Part of the

problem with scheduling [the depositions] was I asked for new notices of deposition that state

particular times for the plaintiffs [sic] . . . . I repeatedly asked for specific times and for . . .

notices of depositions to be issued." Since the parties had a different view of whether the

December 20, 2013 deposition notices were valid, the Court directed them to brief the issue.

On March 14, 2013, the Court determined that no new deposition notices needed to issue

and directed the plaintiff to "produce for deposition in New York City Corine Camp, Menno

Menke and a witness who will testify pursuant to Fed. R. Civ. P. 30(b)(6); the deposition must

be completed on or before April 1, 2013."

On March 26, 2013, the plaintiff stated in a letter sent to the assigned district judge:

> With regard to Corine Kamp, there have been very difficult circumstances with
> regard to scheduling her deposition as well, and Plaintiff has requested on numerous
> occasions that no plans should be made by Defendant [sic] with regard to her
> deposition so that they do not incur any unnecessary expense. During mid-March,
> in connection with Plaintiff's request to video-conference Ms. Kamp's deposition,
> which Defendants opposed, an issue with regard to deposition notices arose, and
> Judge Fox then set the date by which depositions must be completed to April 1,
> 2013. Ms. Kamp is currently in the Far East on an entire month long business trip
> upon which she takes care of various seasonal issues for the Plaintiff. Because
> Defendants will not agree to a short extension for Ms. Kamp to be deposed, Plaintiff
> is currently preparing a request for an extension of time for her deposition until after
> she returns to Amsterdam on April 13, 2013.

Docket Entry No. 63.

On March 27, 2013, the assigned district judge ordered that "Plaintiff must produce Ms.

Kamp for deposition by April 1, 2013. The deposition can be conducted by Skype if she is in

Asia. The parties can agree on an alternate date if Defendant [sic] does not wish to conduct the

3

deposition by Skype." On March 27, 2013, the defendants sent a letter to the assigned district judge, informing her that they did not wish to proceed with Kamp's deposition via Skype and they "will agree to any other date on or before April 1." (Docket Entry No. 65). The plaintiff responded by a letter on the same date, contending "there is good cause to extend the April 1, 2013 deadline for the deposition of Corine Kamp to be completed." (Docket Entry No. 66). On March 28, 2013, the defendants sent a letter to the assigned district judge, seeking to "clarify that the March 27 memo endorsed order did not approve MPD's decision to violate the Court's February 13 and March 14 orders and did not vacate Magistrate Fox's March 14 order, but simply gave the parties the option to agree upon another date if they chose to." (Docket Entry No. 64).

On March 29, 2013, the Court held a telephonic conference to address certain issues that arouse during Menke's deposition, which was conducted on that day. At the end of the conference, the defendants' counsel stated that the parties had "a dispute over the import of the Judge Swain memo endorsed order on March 27th. It's our view that Judge Swain did not disturb . . . Your Honor's March 14th ruling" and that she "at no time extended [the] April 1st date. . . . I would respectfully asked that Your Honor clarify that our understanding, the defendant's [sic] understanding of the order is correct." The plaintiff's counsel contended that "there is some ambiguity here." The Court stated:

> I'm not clear that the defendant [sic] is unhappy with the endorsement that Judge Swain made, it advised that April 1st is the date by which these depositions are to occur. I think Judge Swain was trying, in her reference to using Skype, to provide a means for the parties if you wish to pursue it, although we had talked, I think, at the conference about maybe remote deposition, but in any event, to provide a means that might accommodate the parties' desire to capture testimony from the employee who is in Asia, traveling in Asia on business, within the deadline, without necessarily having her travel to New York. That seems to be an accommodation that may not

work for the parties, but in any event, the April 1st date is memorialized in that endorsement as the date to complete the depositions.  So there's an avenue for you to, if you want to pursue it, enable her testimony to be captured while she's traveling on business via Skype or perhaps some other means, if you wish, but by April 1st, she has to give testimony.

Docket Entry No. 86, p.12.

The plaintiff's counsel asked the Court for permission to submit an "affidavit showing good

cause why we should, . . . perhaps we would request an amendment of that order solely for

Corine Kamp."  The Court stated:

Yes, but she's known since we had the conference earlier in March that her deposition had to be taken by April 1st because you've been in, I'm hopeful you've been in communication with your client to let her know of the Court's directive.  So the fact that it's March 29th is of little import since you've known for several weeks and so has the potential deponent that her testimony had to be captured by April 1st.

Docket Entry No. 86, p.13.

On April 2, 2013, the plaintiff requested an informal conference, pursuant to Local Civil

Rule 37.2, concerning "a protective order from the Court and/or an extension of time for Corine

Kamp's deposition."  The plaintiff's April 2, 2013 letter stated:

[T]here have been significant logistical issues presented to the Plaintiff with getting Corine Kamp to New York for her deposition due to her long planned and long lasting business trip to Asia.  Fully aware and in due deference to Your Honor's Order dated March 14, 2013, Plaintiff has attempted to produce Ms. Kamp here in New York – without success as of yet.  Pursuant to Judge Swain's Order dated March 27, 2013, Plaintiff offered to Defendants to provide Corine Kamp via Skype before April 1, 2013, but Defendants insisted on having the deposition conducted in person here in New York.  In further compliance with Your Honor's March 14, 2013 Order and Judge Swain's March 27, 2013 Order, Plaintiff also offered to Defendants to make Corine Kamp available for her deposition to Defendants any day during the week of April 15, 2013 (15th, 16th, 17th, 18th or 19th), which is the first possibility after

her return to Amsterdam on April 13, 2013 from Asia.  Defendants have objected to this arrangement.

Docket Entry No. 70.

On April 3, 2013, the Court denied the plaintiff's April 2, 2013 request for an informal conference.  On June 19, 2013, the Court conducted a Local Civil Rule 37.2 conference and granted leave to the defendants to file the instant motion.

On January 28, 2013, the plaintiff paid for Kamp's business trip.  Kamp departed from Amsterdam, Netherlands, for Hangzhou, China, on March 16, 2013.  She returned to Amsterdam, Netherlands, from Kuala Lumpur, Malaysia, on April 13, 2013.

***Defendants' Contentions***

The defendants contend that the plaintiff "was not unaware of the risk when it decided to flout the Discovery Orders that plainly and clearly required Corine Kamp and its 30(b)(6) witnesses to appear in New York by April 1."  According to the defendants, "discovery violations were not without financial cost to Defendants who were required to file numerous applications, both formal and informal to attempt to persuade Plaintiff to abide by the Orders."  They assert that their Rule "30(b)(6) notice sought witnesses on the alleged creation of the designs in question," but the "witness produced by Plaintiff had no knowledge in this regard and pointed to Joris Drontmann as the company officer that not only had this knowledge but who himself allegedly participated in the creation of the design."  However, the defendants contend, Drontmann "failed to appear by the April 1 deadline."  The defendants maintain that they placed the plaintiff on notice that they were seeking sanctions prior to this motion, and the Court afforded numerous opportunities to the plaintiff "to be heard concerning the violation of the

orders and Defendants' request for sanctions." Since "the instant Orders came with definite dates for compliance . . . the Court need not determine whether the time it took Plaintiff to comply was reasonable."

***Plaintiff's Contentions***

The plaintiff contends that the defendants "are seeking to take a second bite of the apple with regard to penalties relating to Plaintiff's failure to arrange Corine Kamp's deposition by April 1, 2013, which should not be permitted." According to the plaintiff, the "Defendants have made no effort to take the deposition of Corine Kamp or anyone else and have not followed Rule 37 or Local Civil Rule 37.2," in connection with the relief they seek that is beyond the relief sought in their previous motion. The plaintiff asserts that it "has been prejudiced by having to defend against this motion for a second time, the second motion having benefitted from addressing Plaintiff's opposition to the motion the first time around." It contends that the defendants' request for "an order to compel," namely "in subsection (2) and (3)" of the Notice of Motion, must be denied because the defendants did not comply with "either Rule 37 or Local Civil Rule 37.2."

Concerning the defendants' request for preclusion of evidence, it is "extreme and unwarranted," the "Defendants have made no effort to obtain the deposition of Corine Kamp," and

> it would not be just to preclude Defendants[4] from arguing that it created the designs in question merely because Corine Kamp was unable to be pulled from her long prearranged trip due to the business consequences that MPD would face. In addition,

---

[4] It appears that the plaintiff meant to say "to preclude Plaintiff from arguing that it created the designs in question," since that is what the defendants seek in their motion; the defendants do not seek to preclude themselves from introducing evidence.

it would be unjust to preclude Plaintiff from arguing that the designs in question are original.  That is a question of law.

According to the plaintiff, the defendants offered "no conceivable prejudice," and the "Defendants appear to not realize that Plaintiff was trying to arrange the deposition of Corine Kamp for the Defendants' benefit," because Kamp "is a low-level employee of MPD, and is a Dutch citizen residing in Amsterdam, the Netherlands," which would require the defendants to subpoena her testimony.  The plaintiff contends that "a corporation generally cannot be sanctioned when its low-level employees fail to appear for their depositions," and

> [n]one of the cases cited by Defendants deal with a low-level employee not being able to be produced in New York for a deposition within a two-week span due to a vital seasonal business trip to Asia, when volumes of discovery has [sic] already been produced . . . and where other individuals have been able to be deposed pursuant to the Court's order.

The plaintiff asserts that all the cases cited by the defendants involve "extreme situations where a party itself has gone many months, and in most of the cases around a year, and still refused and/or failed to comply with the Court's orders despite multiple specific warnings that their case would be dismissed or that other serious sanctions would be issued by the Court against them if the discovery at issue was not made," and they "do not apply at the case at hand" because Kamp is not a party.  According to the plaintiff, "specific warning that certain sanctions will be imposed is a necessary precondition to the issuance of sanctions," and "[t]here has been no such warning to Plaintiff in this case."  Furthermore, the defendants' request "for relief that Plaintiff be forbidden from even arguing that the designs in question are original" is "misguided in the extreme and should be summarily denied."

8

The plaintiff contends that the defendants' request to preclude the evidence "is tantamount to a request that the Court simply strike Plaintiff's pleadings in order to kill the case." The defendants' request should be denied for the reasons that follow. First, two of the plaintiff's three noticed depositions were completed on April 1, 2013, as directed by the order, and "the reasons for the noncompliance [related to Kamp's deposition] are genuine and valid," since she "was in Asia on a business trip, [and] she was not able to appear for a deposition because of the substantial risk to MPD's business operations." Moreover, the plaintiff

> believed that by offering to capture Corine Kamp's testimony via Skype, and in the alternative to suggest other dates to agree upon, [it] was in compliance with the Court's Order dated March 27, 2013. Indeed, MPD believes that it was going above and beyond . . . what it was required to do under controlling law relating to the deposition of [a] low-level employee in order to help move this case along.

Moreover, the "Defendants have chosen (elected) their remedy for seeking sanctions and may not back-pedal in order to now further prolong discovery and burden the Plaintiff with more depositions."

Second, preclusion of evidence is an extreme remedy and, since the plaintiff "produced volumes of discovery and already had depositions completed for Menno Menke and for its 30(b)(6) witness," the defendants' "bizarre requests for preclusion" should be denied "as both unwarranted and contrary to controlling law." Third, the "Defendants could have taken the deposition of Corine Kamp since the middle of April 2013, but chose not to," and "[a]ny noncompliance as of April 15, 2013 cannot be to the account of Plaintiff, as it is the Defendants who requested her deposition but then refused to take it." As the plaintiff proposed that Kamp's deposition be taken by Skype, which it believed was in compliance with the March 27, 2013 order, "[a]t most, Corine Kamp could only be considered to have been in noncompliance for two

weeks with the Court's order." Fourth, no warning has been given to the plaintiff by the Court that its claims would be dismissed if the deadline given by the Court was not met.

With respect to the defendants' request related to Drontmann, the plaintiff contends, he "was never noticed for a deposition," and the defendants failed to meet and confer concerning this issue and request an informal conference, pursuant to Local Civil Rule 37.2. Moreover, the defendants "do not supply any support for their claim that Joris Drontmann was a 'co-creator' of the design," and Menke already testified that Kamp created both designs at issue in this action.

The plaintiff contends that the defendants' request for attorney's fees should be denied since awarding them would be unjust for the following reasons: (1) the defendants' motion "is an improper attempt to take a second bite of the apple"; (2) the defendants' first motion for sanctions "was denied with prejudice" and "Plaintiff was not awarded its attorneys' fees in successfully defeating that motion"; (3) the defendants failed to meet and confer with the plaintiff prior to filing the motion and did not comply with Local Civil Rule 37.2; (4) the defendants' position is owed "to their own refusal to take the deposition of Corine Kamp"; (5) the plaintiff "has substantially complied with the Court's orders by providing copious document production, responses to interrogatories, responses to requests to admit and produced Menno Menke and a Rule 30(b)(6) witness for depositions all by April 1, 2013" and its "inability to produce Corine Kamp by April 1, 2013 was substantially justified given her business trip to Asia"; and (6) the March 27, 2013 order was disputed by the parties, and that order could "be reasonably read to provide the parties flexibility to agree upon another date for the deposition of Corine Kamp after April 1, 2013." The plaintiff contends that it should be awarded attorney's fees for defending the instant motion, given that the motion is improper.

***Defendants' Reply***

The defendants contend that the plaintiff argues, for the first time, "that this Court lacks authority to sanction MPD based upon its failure to produce Corine Kamp for deposition as ordered." According to the defendants, "[a]t no time has MPD argued that the Court's orders were unclear or that it did not understand that there would be consequences to its decision to violate" them. Moreover, in response to the March 14, 2013 order, the "plaintiff only produced one witness, not two." According to the defendants, the plaintiff knew that "offering dates after April 1" and "appearing by video instead of in person" would not be in compliance "with the plain language of the Court's orders." The defendants contend that the plaintiff also "makes the remarkable argument that MPD did not have to comply with the Order directing it to produce its Ms. Kamp," even though: (a) "MPD acknowledged that Ms. Kamp was a proper witness and would and should be produced"; and (b) "[t]here is no dispute that Ms. Kamp had exclusive knowledge of MPD's claim that she created the designs." The defendants contend that no indication exists that the plaintiff "had any intention of ever complying with the Court's orders in this case and has made it clear that it put its business prospects and opportunity to profit financially over time consuming and carefully considered orders." In support of its reply, the defendants submitted their attorney's declaration, in which the attorney states that he did meet and confer with the plaintiff's attorney, on March 27, 2013, concerning Kamp's deposition that had to be conducted by April 1, 2013, and, on March 29, 2013, "concerning Drontmann."

***Legal Standard: Rule 37(b)(2)(A)(ii)***

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides, in pertinent part:

If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit

> discovery, including an order under Rule 26(f), 35, or 37(a), the court where the
> action is pending may issue further just orders.  They may include . . .(ii) prohibiting
> the disobedient party from supporting or opposing designated claims or defenses, or
> from introducing designated matters in evidence.

Fed. R. Civ. P. 37(b)(2)(A)(ii).

> A district court has wide discretion in imposing sanctions, including severe
> sanctions, under Rule 37(b)(2) . . . .  The discovery provisions of the Federal Rules
> of Civil Procedure are "designed to achieve disclosure of all the evidence relevant
> to the merits of a controversy."  It is intended that this disclosure of evidence
> proceed at the initiative of the parties, free from the time-consuming and costly
> process of court intervention.  When a party seeks to frustrate this design by
> disobeying discovery orders, thereby preventing disclosure of facts essential to an
> adjudication on the merits, severe sanctions are appropriate.

Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) (citations
omitted).

Sanctions imposed pursuant to Rule 37(b)(2) must: (1) be just; and (2) "relate to the particular

claim to which the discovery order was addressed."  Id. at 1366.  "No sanction should be

imposed without giving the disobedient party notice of the particular sanction sought and an

opportunity to be heard in opposition to its imposition."  SEC v. Razmilovic, __ F.3d __, No.

12-0357, 2013 WL 3779339, at *7 (2d Cir. 2013).  "[I]n the Rule 37 context," in this Circuit, no

"rigid requirements on either the timing or the form of the notice afforded to a sanctioned party,"

are imposed.  Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 270 (2d Cir. 1999).

> Preclusionary orders ensure that a party will not be able to profit from its own failure
> to comply.  Rule 37 strictures are also specific deterrents and, like civil contempt,
> they seek to secure compliance with the particular order at hand.  Finally, although
> the most drastic sanctions may not be imposed as 'mere penalties,' courts are free to
> consider the general deterrent effect their orders may have on the instant case and on
> other litigation, provided that the party on whom they are imposed is, in some sense,
> at fault.

Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d
1062, 1066 (2d Cir. 1979) (internal citations omitted).

Although an order precluding evidence "is strong medicine, such orders are necessary on appropriate occasion to enforce compliance with the discovery rules and maintain a credible deterrent to potential violators." Daval Steel Prods., 951 F.2d at 1367.  In determining whether precluding witness testimony is an appropriate sanction, courts consider the following factors: (1) "the party's explanation for the failure to comply with the discovery order"; (2) "the importance of the testimony of the precluded witness"; (3) the prejudice suffered by the opposing party"; and (4) "the possibility of a continuance." Reilly, 181 F.3d at 269 (citation omitted).

The most severe sanction "for a disobedient plaintiff is the dismissal of his action," and it "should be ordered only when the district judge has considered lesser alternatives." Razmilovic, ___3d at ___, 2013 WL 3779339, at *7.  Dismissal of a complaint is authorized when it is established that the failure to comply with a court order is due, not to inability, but to "willfulness, bad faith, or any fault of " the noncompliant party. Cine Forty-Second Street Theatre Corp., 602 F.2d at 1066.  When determining whether dismissal is an appropriate sanction, courts consider various factors, including: (i) "the willfulness of the non-compliant party or the reason for noncompliance"; (ii) "the efficacy of lesser sanctions"; (iii) "the duration of the period of noncompliance"; and (iv) "whether the non-compliant party had been warned of the consequences of . . . non-compliance." Id.; see Agiwal v. Mid Island Mortg. Corp. 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted).  "[T]hese factors are not exclusive, and they need not each be resolved against the party" to be sanctioned. Southern New England Tel. Co. v. Global Naps Inc., 624 F.3d 123, 144 (2d Cir. 2010).  Moreover, the court "is free to consider the full record in the case in order to select the appropriate sanction." Id. (citation omitted).

13

"Although formal warnings often precede the imposition of serious sanctions, [the Second Circuit] has never considered warnings an absolute condition precedent.  On the contrary, [the district court would examine] the record to ascertain if the party's disregard of court ordered discovery justif[ies] the sanctions [intended to be] imposed by the district court."  Daval Steel Prods., 951 F.2d at 1366.  The Second Circuit "decline[d] to hobble the . . . discretion of district courts to control discovery by imposing a further requirement of formal and specific warnings before imposing Rule 37(b)(2) sanctions, bearing in mind that . . . such sanctions can only be imposed for violation of a specific, previously entered court order."  Id.

***Application of Legal Standard***: ***Rule 37(b)(2)(A)(ii)***

<u>Whether the Motion Is "Impermissible"</u>

Although the plaintiff contends, in its letters dated July 8, 2013, (Docket Entry No. 103) and July 11, 2013, (Docket Entry No. 107), that the defendants' motion for sanctions was denied "with prejudice," on "May 28, 2013," neither contention is true.  The Court denied the defendants' Rule 37 motion to preclude, on May 24, 2013, based on a procedural ground, namely, the defendants' failure to comply with Local Civil Rule 37.2 of this court (Docket Entry No. 92).  Thus, the Court's May 24, 2013 denial of the motion was not "with prejudice," as the plaintiff maintains, since the defendants' motion was denied on a procedural ground without consideration of its merits, and the Court did not use the word "prejudice" in its May 24, 2013 denial of the motion.  Accordingly, the defendants were not barred by the Court's May 24, 2013 order from complying with Local Civil Rule 37.2 and filing the instant motion.

<u>Whether A Corporation May Be Sanctioned When Its Low-level Employees Fails to</u>
<u>Appear for Their Depositions</u>

The plaintiff contends, for the first time, that the defendants were "required to subpoena" Kamp, pursuant to Rule 45 of the Federal Rules of Civil Procedure, because she is a "low-level employee" of the plaintiff and not a party to this action.  The plaintiff waived this argument when its attorney, <u>inter</u> <u>alia</u>: (a) requested that Kamp's deposition be rescheduled (<u>see</u> Docket Entry No. 53); (b) requested that her deposition be conducted by video-conference (<u>see</u> Docket Entry No. 53); (c) argued that new deposition notices needed to issue (<u>see</u> Docket Entry No. 114); (d) sought an extension of time to submit the plaintiff's affidavit concerning Kamp's schedule and to extend the time for her deposition, "until after she returns to Amsterdam on April 13, 2013" (<u>see</u> Docket Entry No. 63); and (e) requested a conference with the Court to address Kamp's deposition and "if need be, seek a protective order from the Court and/or extension of time for Corine Kamp's deposition to be taken" (<u>see</u> Docket Entry No. 70).  The plaintiff appeared to be acting on Kamp's behalf and did not argue that Kamp is not a party and not associated with the plaintiff, thus forfeiting its argument that the defendants were required to issue a subpoena for Kamp's deposition.

The plaintiff contends that it cannot be sanctioned "when its low-level employees fail to appear for their depositions," but does not provide any binding authority in support of that contention.  Moreover, the defendants do not seek to have the Court sanction the plaintiff for failing to attend its deposition, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, but for failing to comply with the discovery orders, pursuant to Rule 37(b)(2)(A)(ii).  Thus, the

plaintiff's argument that it cannot be sanctioned for Kamp's conduct, because she is its low-level employee, is meritless.

> Whether Due Process Requirements Have Been Satisfied

The plaintiff's contention that "specific warning that certain sanctions will be imposed is a necessary precondition to the issuance of sanctions," and that it cannot be "overcome by Defendants' argument that Plaintiff knew that they would be seeking sanctions against Plaintiff," is erroneous.  That is so because the plaintiff confuses "specific warning that certain sanctions will be imposed" by the Court and the notice of sanctions sought by the defendants.  A warning by the Court that certain sanctions will be imposed is not a precondition for imposing sanctions pursuant to Rule 37(b), where a specific, previously entered order, alleged to be violated, exists. See Daval Steel Prods., 951 F.2d at 1366.  Here, specific, previously entered orders exist, namely the: (1) March 14, 2013 order; and (2) March 27, 2013 order.  The March 14, 2013 order directs that the Kamp, Menke and Rule 30(b)(6) witness depositions be completed by April 1, 2013. The March 27, 2013 order directs that the: (a) plaintiff produce Kamp for deposition by April 1, 2013; (b) deposition can be conducted by Skype, if she is in Asia; and (c) parties can agree to an alternate date, if the defendants do not wish to conduct her deposition by Skype.

Due process requires that the disobedient party receive "notice of the particular sanction sought and an opportunity to be heard in opposition to its imposition." Razmilovic, __ F.3d __, 2013 WL 3779339, at *7.  Both requirements are satisfied here.  The plaintiff was served with a notice of motion indicating the sanctions sought by the defendants and it had an opportunity to be heard in opposition to the motion, because it filed its opposition to it.

16

Accordingly, the plaintiff has received all the process that was due in connection with the imposition of sanctions, if any.

    <u>Whether the Plaintiff Failed To Comply with Court Orders</u>

    The defendants contend that the plaintiff failed to comply with "the Discovery Orders that plainly and clearly required Corine Kamp and its 30(b)(6) witnesses to appear in New York by April 1," and "[t]he dates to comply were specified and were not unclear."  In their memorandum of law in support of the motion, the defendants refer to the plaintiff's violation of: (a) "the Order" (Docket Entry No. 101, p. 2); (b) "the Discovery Orders" (Docket Entry No. 101, p. 2); (c) "a Court's Scheduling Order and repeated rulings to comply with certain critical Discovery Orders" (Docket Entry No. 101, p. 4); (d) "the Orders" (Docket Entry No. 101., p. 4); (e) "Judge Fox's orders" (Docket Entry No. 101, p. 6); (f) "the instant Orders" (Docket Entry No. 101, p. 8); and (g) "the March 14 written Order" (Docket Entry No. 101, p. 8).  However, nowhere in their memorandum of law in support of the motion or in their reply do the defendants specify, either by date or docket entry number, the order(s) they believe the plaintiff violated. Notwithstanding the defendants' failure to identify separately each order alleged to have been violated and discuss separately each alleged violation, the Court assumes that the defendants allege noncompliance with the two orders directing that Kamp's deposition be taken by April 1, 2013, the: (1) March 14, 2013 order by the Court (Docket Entry No. 55); and (2) March 27, 2013 order by the assigned district judge (Docket Entry No. 63).

    <u>Whether the March 14, 2013 Order Was Clear and Unambiguous</u>

    The March 14, 2013 order was clear and unambiguous because it directed the plaintiff to "produce for deposition in New York Corine Camp, Menno Menke and a witness who will

testify pursuant to Fed. R. Civ. P. 30(b)(6)," and that "the depositions must be completed on or before April 1, 2013.  Both the plaintiff and the defendants understood the meaning of the order, which is apparent from the parties' volley of letters that followed the plaintiff's "request that Corine Kamp be permitted to appear for a deposition no later than April 19, 2013 in New York as well as to accommodate her business trip to the Far East" (Plaintiff's letter to the Court, dated March 20, 2013), and the defendants' response, contending that the plaintiff's request is an "effort to reargue the Court's ruling regarding the deadline by which Corine Kamp must appear for her deposition in New York" (Defendants' letter to the Court, dated March 21).

<u>Whether the March 27, 2013 Order Was Clear and Unambiguous</u>

The March 27, 2013 order was not clear and unambiguous because the parties understood it differently, which is evident from the parties' subsequent correspondence, as well as their arguments during the March 29, 2013 telephonic conference with the Court.  Moreover, the March 27, 2013 order's effect on the March 14, 2013 order was understood differently by the parties.

The defendants' counsel sought clarification of the March 27, 2013 order, through a letter to the assigned district judge dated March 28, 2013, stating: "[C]ounsel for Plaintiff advised me that he will not be complying with Magistrate Fox's March 14 Order since it was his view that it was vacated in part by your Honor's March 27 memo endorsed order.  We do not believe this to be your Honor's intention and respectfully ask for clarification."  The defendants' counsel contended, during the March 29, 2013 telephonic conference with the Court, that a dispute existed with the plaintiff's counsel "over the import of the Judge Swain memo endorsed order on March 27th," and that the defendants believed "that Judge Swain did not disturb Your Honor's

18

March 14th ruling." The defendants' counsel asked the Court to clarify whether that understanding was correct. The plaintiff's counsel contended that "there is some ambiguity here."

The March 27, 2013 order modified the March 14, 2013 order in more than one way. Although the March 27 order repeated the March 14th order's direction that the plaintiff must produce Kamp for deposition by April 1, 2013, it modified the part of the March 14 order directing that Kamp be produced in New York by permitting that "[t]he deposition can be conducted by Skype if she is in Asia." The March 27, 2013 order also allowed for "an alternate date," i.e., an extension of time, to depose Kamp, in case the defendants do not wish to conduct the deposition by Skype, a directive that was not contained in the March 14th order. Although the March 27 order used permissive language (i.e., "The deposition can be conducted by Skype if she is in Asia") allowing deposition by Skype if Kamp was in Asia, in essence, it mandated that Kamp's deposition be taken by Skype, if it was to be taken by April 1, 2013, since she was in Asia between March 27 and April 1, 2013. However, the part of the March 27th order permitting the parties to agree on an alternate date, if the defendants do not wish to depose Kamp by Skype, is confusing because it appears to provide an opportunity for the defendants to reject deposition by Skype and the parties to extend the deposition date, which seems to contradict the order's mandate that the "Plaintiff must produce Ms. Kamp for deposition by April 1, 2013."

If the March 27 order permitted, as it did, (i) the defendants to reject Kamp's deposition by Skype, and (ii) the parties to agree on an alternate date for Kamp's deposition, then the defendants were free to reject Kamp's deposition by Skype at any time, including "by April 1, 2013," which they did. It would be illogical to require the defendants to conduct Kamp's

deposition by April 1 and by Skype, while at the same time allowing them to reject Kamp's deposition by Skype, but only if it is to be conducted after April 1.  The March 27 order was unclear inasmuch as it mandated that Kamp's deposition be conducted by April 1 by Skype (although permissive language was used, the effect was mandatory), while permitting the defendants, at the same time, to reject Kamp's deposition by Skype and allowing for an extension of time beyond April 1 in that case.

The Court finds that the: (a) March 27, 2013 order was not clear and unambiguous because it appeared internally contradictory and the parties understood it differently; and (2) March 27, 2013 order modified the March 14, 2013 order to the extent explained above.  Given that the March 27, 2013 order was not clear and unambiguous and that it modified the March 14, 2013 order, the Court is unable to conclude that the plaintiff violated the March 14 and March 27, 2013 orders when it failed to produce Kamp for deposition by April 1, 2013.  Therefore, sanctioning the plaintiff for failing to comply with court orders, pursuant to Rule 37(b)(2)(A)(ii), is not warranted.

### Legal Standard: Rule 37(a)(3)(B)(ii)

"A party seeking discovery may move for an order compelling [a] designation, if . . . a corporation . . . fails to make a designation under Rule 30(b)(6)."  Fed. R. Civ. P. 37(a)(3)(B)(ii). "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf."  Reilly, 181 F.3d at 268 (citation omitted).

### Application of Legal Standard: Rule 37(a)(3)(B)(ii)

The defendants do not contest that Menke was designated and produced for deposition by

the plaintiff, as a Rule 30(b)(6) witness, and that they deposed him on March 29, 2013.  Instead, they contend that Menke "had no knowledge" about "paragraphs 6 and 9 of the 30(b)(6) Notice," namely, "[t]he alleged creation of the Stripe Design" and "[t]he alleged creation of the Star Design."  Accordingly, they seek an order compelling the plaintiff to produce Drontmann, as a Rule 30(b)(6) witness.  However, the defendants do not point to any binding authority permitting the court to compel a corporation deponent to designate a specific person to be its Rule 30(b)(6) witness, and the Court finds none.

Moreover, the defendants point to page Nos. 206 and 207 of Menke's deposition transcript to support of their contention that "Menke disclosed for the first time, that Joris Drontmann was also a designer of the star and stripe design and coauthor of the designs with Ms. Kamp."  However, Menke's deposition testimony on page Nos. 206 and 207 does not support the defendants' contentions concerning Drontmann's role in the designs at issue.  Menke testified that Drontmann is the creative director for the designers, "responsible for the creation, creativity in MPD," and he assisted Kamp "in preparing" one of the two designs at issue, namely "helped thinking about creating this design," but Menke did not know whether Drontmann assisted Kemp "in designing" the other of the two designs at issue.  The defendants did not submit the entire transcript of Menke's deposition nor explain how Menke's knowledge was lacking with respect to "paragraphs 6 and 9 of the 30(b)(6) Notice."  Therefore, they failed to show that Menke was not a knowledgeable Rule 30(6)(b) witness.  The Court finds that compelling the plaintiff to produce Drontmann, as a Rule 30(b)(6) witness, is not warranted.

***Legal Standard: Compelling Kamp and Drontmann to Comply with Prior Court Ordered***
***Depositions***

"On notice to other parties and all affected persons, a party may move for an order

compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  The Federal Rules of Civil

Procedure "should be construed and administered to secure the just, speedy, and inexpensive

determination of every action and proceeding."  Fed. R. Civ. P. 1.

*Application of Legal Standard*

No court order directing Drontmann's deposition or other basis exists to compel the

plaintiff to produce Drontmann as its Rule 30(b)(6) witness, as explained above.  However, the

Court finds that compelling Kamp's deposition on a date certain and by way of a conditional

order of preclusion is warranted, for the reasons that follow.

On February 13, 2013, the assigned district judge ordered the plaintiff to respond to the

outstanding discovery demands by March 15, 2013, which included producing Kamp for

deposition.  At that time, the plaintiff knew that Kamp would be on a business trip to Asia from

March 16 to April 13, 2013, because it paid for that trip on January 28, 2013.  The parties' e-mail

correspondence demonstrates that the plaintiff agreed that "March 11, 2013 will work for our

client; and as discussed, this will cover all the depositions."

On March 6, 2013, the plaintiff's counsel represented to the Court that: (a) March 11,

2013, as a deposition date for Kamp, "was suggested with the possibility in mind . . . to do at least

some of these depositions via videoconference"; and (b) Kamp was "traveling in the Far East and

in India and she won't be back until April, and so the earliest she could appear would be in New

York that is, would be April 15th."  However, at the time this representation was made to the

Court, Kamp was not traveling in Asia, since she did not depart Amsterdam for her trip to Asia

22

until March 16, 2013, ten days after the March 6, 2013 conference.  Despite the March 6, 2013

denial of the plaintiff's request for a video-conference and the March 14, 2013 order that Kamp

be deposed in New York by April 1, 2013, the plaintiff continued resisting Kamp's production in

New York by April 1, 2013, by persisting with its request for an adjournment of the time for

Kamp's deposition "until after she returns to Amsterdam on April 13, 2013."  See Docket Entry

Nos. 63 & 70.  As Menke explained in his affidavit in support of the plaintiff's opposition to the

motion, the meetings scheduled during Kamp's trip to Asia were "extremely important for MPD's

business" and, had she missed them, the plaintiff "would have faced a substantial risk of

disruption of its business."  It is apparent from the evidence in the record that the plaintiff placed

its business priorities above its discovery obligations in this action by attempting to postpone,

continuously, Kamp's deposition.  By electing to do so, the plaintiff acted in contravention of

Rule 1 of the Federal Rules of Civil Procedure, impeding the defendants' efforts to defend the

action and wasting, unnecessarily, the parties' and judicial resources.  Accordingly, the Court

finds that not deposing Kamp would be extremely prejudicial to the defendants and compelling

Kamp's deposition on a date certain by way of a conditional order of preclusion is warranted.

### *Legal Standard: Attorney's Fees under Rule 37(a)(5)(A) and Rule 37(b)(2)(C)*

> If the motion [to compel] is granted—or if the disclosure or requested discovery is
> provided after the motion was filed—the court must, after giving an opportunity to
> be heard, require the party or deponent whose conduct necessitated the motion, the
> party or attorney advising that conduct, or both to pay the movant's reasonable
> expenses incurred in making the motion, including attorney's fees.  But the court must
> not order this payment if . . . the opposing party's nondisclosure, response, or
> objection was substantially justified; or . . . other circumstances make an award of
> expenses unjust.

> Fed. R. Civ. P. 37(a)(5)(A)(ii).

Where a court finds that a failure to comply with a discovery order has occurred, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

*Application of Legal Standard: Attorney's Fees under Rule 37(a)(5)(A) and Rule 37(b)(2)(C)*

Rule 37(a)(5)(A) does not apply because the defendants' motion is granted only in part and denied in part and discovery was not provided after the motion was filed. Since the Court did not find that the plaintiff failed to comply with a court order(s), Rule 37(b)(2)(C) does not apply. The defendants did not seek attorney's fees pursuant to any other authority. Therefore, granting the defendants' request for attorney's fees is not warranted.

*Conclusion*

For the foregoing reasons, the defendants' motion, Docket Entry No. 99, is granted, in part, and denied, in part. The plaintiff is directed to produce Kamp for deposition *in New York, on August 27, 2013*, and the following conditions apply: (1) no request for another adjournment, change of date, or alternate method of deposition will be entertained; and (2) in light of the record history concerning Kamp's deposition and numerous opportunities to be heard in the past as well as the judicial and parties' resources already consumed unnecessarily, the plaintiff is cautioned that any failure to obey this order will be considered unjustified, prejudicial and in bad faith and will result in a report to the assigned district judge, recommending dismissal of the complaint.

Dated: New York, New York          SO ORDERED:
      August 13, 2013

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

24