UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MPD ACCESSORIES, B.V.,                                      :

                Plaintiff,       :

         -against-                      :  **MEMORANDUM AND ORDER**

URBAN OUTFITTERS, INC.,                                     :  12 Civ. 6501 (LTS)(KNF)
GMA ACCESSORIES INC. d/b/a/ CAPELLI
NEW YORK, and ABC CORPS 1-5,                                :

                Defendants.      :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*Introduction*

On May 24, 2013, the Court denied the plaintiff's motion to compel and directed the plaintiff to address the issue whether any exception exists to awarding mandatory attorney's fees to the defendants, pursuant to Fed. R. Civ. P. 37(a)(5)(B), (Docket Entry No. 93). On May 31, 2013, the plaintiff submitted its memorandum of law contending that awarding attorney's fees to the defendants is not warranted because its motion to compel was substantially justified. The defendants opposed that contention. On July 22, 2013, the Court determined that the plaintiff failed to establish that its motion to compel was substantially justified and directed the defendants to file evidence, via affidavit or other means, of the reasonable attorney's fees and expenses they incurred in responding to the plaintiff's motion to compel (Docket Entry No. 112). Before the Court are the defendants' submissions in response to the July 22, 2013 order and the plaintiff's opposition to the defendants' submissions.

*Defendants' Evidence*

In response to the Court's July 22, 2013 order, the defendants submitted declarations by

1

their attorneys, dated July 30, 2013: (a) Charen Kim ("Kim") (Docket Entry No. 117); and (b) John P. Bostany ("Bostany") (Docket Entry No. 118).[1]  Kim states in her declaration that she is a member of "Bostany Law Firm LLC" and her declaration is "submitted in support of Defendants' submission of attorneys' fees pursuant to the Court's Order dated July 24, 2013."[2] Kim contends that she spent 14 hours "to prepare the opposition" to the plaintiff's motion and the "May 31 filing," following the denial of the plaintiff's motion, which was "replete with Declarations and a 15 page brief seeking to avoid reimbursing defendants' legal fees."  Kim contends that "the time spent opposing the May 31 filing . . . should be included in the reimbursement," as "the Court noted that much of the May 31 filing was an attempt by Plaintiff to reargue the findings contained in the Court's prior Order."  Kim seeks $30,130 consisting of $4,900, for her 14 hours of work at a $350 hourly rate, and $25,230, for Bostany's 43.5 hours of work at a $580 hourly rate.  Attached to Kim's declaration "is an itemized timesheet showing the specific legal work performed and the amount of time allocated to legal activities performed in conjunction with opposing Plaintiff's Motion to Compel."  According to Kim, "the time entries adjacent to the initials AM are for work that I actually performed to oppose the Plaintiff's motion to compel and the time entries listed therein are true and accurate."

Bostany states in his declaration that he is a member of "Bostany Law Firm, LLC" and

---

[1] In a letter sent to the Court, dated July 31, 2013, one of the defendants' attorneys stated that he was submitting "a courtesy copy each of a Declaration of Charen Kim with accompanying exhibit and a Declaration of John P. Bostany, filed on July 30, 2013 in accordance with the Court's July 22 Order directing submission of evidence of Defendants' attorneys' fees on the Plaintiff's Motion to Compel."  The courtesy copies sent to the Court include Kim's declaration, dated July 30, 2013, and Bostany's declaration, dated July 29, 2013.  A courtesy copy of Bostany's July 29, 2013 declaration, which differs from Bostany's July 30, 2013 declaration, has not been filed or served on the plaintiff, and the Court will not consider it.

[2] No July 24, 2013 order was issued in this action.

his declaration is "submitted in support of Defendants' submission of attorneys' fees pursuant to the Court's Order dated July 24, 2013."[3] Bostany contends that he reviewed the time entries annexed to Kim's declaration and that "the entries adjacent to the initials JPB are for work that I performed on the dates corresponding to the initials JPB." Bostany states that the "descriptions of the work that I performed on those dates is [sic] true and accurate and the time allocations contained therein were prepared by me personally and entered into time slips contemporaneous with the work I performed." According to Bostany, his work includes the "time I spent in April . . . to oppose the motion to compel," and "the time I spent on May 31 and in June . . . to oppose the filing by MPD to reargue the motion and to oppose the claim by MPD that they [sic] deserved and [sic] exception to an award of fees." Bostany contends that the plaintiff "filed voluminous papers and additional arguments, including a brief, three times the size of the brief in support of its original motion to compel, causing defendants to expend more resources addressing the additional arguments than they expended in opposing the motion to compel." Bostany states that he "reviewed the calculations contained in the Declaration of Charen Kim and submit that they are true and accurate," and "the charges contained in the bills annexed to the Kim Declaration were transmitted to the client during the months of May, June and July and were satisfied."

*Plaintiff's Contentions*

The plaintiff contends that the defendants failed to meet "their burden of producing 'satisfactory evidence' of any attorneys' fees incurred by either of them." According to the plaintiff, the defendants "submitted declarations of counsel related to a different law firm,

---

[3] As already noted, no July 24, 2013 order was issued in this action.

'Bostany Law Firm LLC,' than the firm that has represented them throughout this case, 'The Bostany Law Firm, PLLC,"  and no evidence was presented that The Bostany Law Firm PLLC "issued any invoice to Defendants."  Moreover,"[t]he list of times submitted to the Court has no identifying information on it, so it is impossible to know which entity produced it," and "no bill or invoice has been submitted to the Court from either 'The Bostany Law Firm PLLC' or 'Bostany Law Firm LLC' to Urban Outfitters or GMA Accessories."  The plaintiff contends that no "charges," "bills", "invoices," or "even an 'Amount'" are attached to counsels' declarations, and Bostany's declaration that "an unidentified amount was 'satisfied' is not only evasive, but is fatally insufficient in showing that any expenses were 'incurred' or paid by either of the Defendants."  Additionally, the defendants' counsel failed to submit evidence of their experience and expertise, or to show that the requested rates are in line with those prevailing in the community for similar services by attorneys of reasonably comparable skills, experience and reputation.  The plaintiff contends that George Altirs, Chief Executive Officer of GMA Accessories Inc., testified at his deposition that Bostany is "the general counsel of GMA Accessories Inc.," which conflicts with the contention that Bostany is an attorney at The Bostany Law Firm PPLC or "a member of Bostany Law Firm, LLC."

      The plaintiff contends that the time entries from April 15, April 16, May 31, June 3, June 4, June 5 and June 6, 2013, must be excluded.  According to the plaintiff, the April 15 and 16, 2013 time entries are the "time entries before plaintiff's motion to compel was even filed," and the May 31, June 3, June 4, June 5 and June 6, 2013 time entries are "related to activities other than replying to (or opposing) Plaintiff's motion to compel."  The plaintiff maintains that the defendants "improperly appear to incorporate a request for sanctions of a purported additional 31.25 hours of work that the Court did not authorize, around 125% additional hours than the time

4

allegedly relating to responding to the Plaintiff's motion to compel." Furthermore, "the date for the 4/15/2013 entry is handwritten in after the fact, and thus this entry was not kept contemporaneously."

The plaintiff contends that the remaining time entries in the defendants' application are not reasonable because the hourly rates are excessive. Bostany's $580 hourly rate is "significantly inflated and not reasonable," in light of the vagueness of his role, the lack of office overhead and the contract arrangement with the defendants, and the Court "should only allow a maximum of 25% of this rate, and find a rate of a maximum of $145.00/hr reasonable" for his time, if any. Moreover, Kim "signed all the papers submitted by Defendants, including the memorandum of law in opposition to Plaintiff's motion to compel, even though according to the time records she did not do any work on this document." Although Kim claimed in her declaration that the time of "AM" is her time, she "does not clarify whether the hourly rate for 'AM' is her hourly rate," and she is not the proper person to attest to hourly rate charged by "Bostany Law Firm, LLC," any other business entity, or Bostany.

In support of its opposition to the defendants' request for fees, the plaintiff submitted a declaration by its attorney with exhibits, including a copy of Kim's "Linkedin profile" on the Internet, which indicates that Kim "lists herself as 'Managing Partner at Law Offices of Kim & Lim' from July 2012 to present." The plaintiff contends it appears that Kim is engaged in this action "on a contract basis." Moreover, she is a 2009 law school graduate, and the memorandum of law in opposition to the plaintiff's motion, signed by her, "is 6 pages long, consisting of 12 paragraphs," in which she "cites 7 cases for the proposition that parties must 'meet and confer' before filing a motion to compel and 1 case for the position that the Court has the inherent power to sanction parties when they act in bad faith." The plaintiff contends that the Court should

allow Kim a maximum of 30% of the listed rate for "AM" and find that an hourly rate of $105 is the maximum reasonable rate for Kim's legal services, if any.

The plaintiff asserts that the time entries for April 19, 22, 23 and 24, 2013, should be reduced 50%, "due to improper 'lumping' of activities." For example, the April 18, 2013 time entry, "Researching caselaw that allows GMA to get fees for MPD's false representations + improper motion practice," is inadequate and unsubstantiated because no caselaw in the defendants' memorandum of law "arguably relates to a description of research of this nature," which was not necessary. The April 19, 2013 time entry does not specify the amount and contains the handwritten words "Research Local Rules + cases for," which was added later to the description "Court to deny request for Urban UK documents + additional depositions," which makes the time entry not contemporaneous with the work performed and vague. The April 22, 2013 time entry has two sub-entries, one with the initials JPB and one with the initials AM, and neither entry contains an amount for the legal services provided, which calls into question the accuracy of each and makes these entries vague and redundant. Similarly, the April 23, 2013 time entry, "Revise declaration, revise brief," is vague and contains no amount for the legal services provided. According to the plaintiff, the April 24, 2013 time entry "Finalizing + file brief declaration + exhibits" is excessive and unnecessary, because the documents submitted by the defendants in opposition to the motion were executed by Kim on April 23, 2013, leaving "nothing to do on April 24, 2013 but file the two documents through ECF," which is clerical work and should not be compensated at an attorney's rate. The plaintiff contends that the April 25, 2013 time entry, identified under the initials "AM," "File exhibits under seal," is unreasonable, since it appears to be "an order of Judge Sullivan, which has no relevance to this action or Plaintiff's motion to compel." The plaintiff maintains that the defendants' efforts did

not achieve "much, if any, of the result of Plaintiff's motion to compel," since the denial of the plaintiff's motion "was not based on Defendants' argumentation or efforts," given that 90% of the declaration submitted by defendants' counsel in opposition to the motion to compel as well as the memorandum of law, "was aimed at convincing the Court that Plaintiff was somehow trying to pull a fast one on the Court and them, alleging the Plaintiff failed to 'meet and confer' . . . while reciting all the ways that the Plaintiff had met and conferred."

***Defendants' Reply***

In reply, the defendants submitted Kim's and Bostany's declarations, dated August 20, 2013, and a reply memorandum of law.  The defendants contend that the hours billed are reasonable, and the "Plaintiff was not prejudiced by the Defendants' failure to outline the reasonableness of the fee prong in its opening Declarations as the Plaintiff has illustrated it took the opportunity to review the Defendants' attorneys resumes and backgrounds" on the Internet. The defendants maintain that the customary rate for Bostany, a partner "with close to 25 years litigation experience predominantly in intellectual property matters, and an associate with approximately 4 years experience are well documented and readily available in recent precedents by this Court."  According to the defendants, "PLLC and LLC are interchangeable symbols allowed to be used to identify a Professional Limited Liability Company," by "Limited Liability Company Law § 1212(b)."  Moreover, the fee award should include the work on the opposition to the plaintiff's objection to the award of fees and the fee application, because that work "necessarily flows from the violation of the Court's order" and "is compensable under Rule 37."

In his August 20, 2013 declaration, Bostany provides his "litigation background and experience in order to assist the Court in assessing and comparing [his] skill and experience with attorneys in the community that provide similar services at similar rates."  He states that he has

never been employed in house at GMA Accessories, Inc., and he has almost 25 years of experience.  According to Bostany,  his $580 hourly rate given to GMA Accessories, Inc. is discounted from his $700 hourly rate, "due to [his] longstanding relationship with it and [I] have used the same rate in my billings in this matter for both Urban Outfitters Inc. and GMA Accessories, Inc."  Bostany asserts that "no separate invoices were sent" to the defendants, and the records in Kim's declaration are "photocopies from the actual invoices, dated April 30, 2013, May 31, 2013 and June 28, 2013," with the irrelevant portions excluded.  Bostany contends he reviewed "Exhibit A to the Kim Declaration dated August 20, 2013" and "the entries therein are true and accurate and formed part of the July 31 invoice."  He asserts that "time entries adjacent to the initials JPB were entered contemporaneous with the work I performed on the dates indicated therein."  Moreover, "[t]he August time entries annexed as Exhibit B to the Kim Declaration were not yet embodied into an invoice but also reflect time that was entered contemporaneous with the work performed adjacent to each date."

  Kim contends, in her August 20, 2013 declaration, that the use of "the symbol LLC following the firm name rather than PLLC" was "a typographical error."  Kim states that the plaintiff attempts to confuse the Court by its arguments "concerning . . . my starting a separate practice" and, since graduation, she "worked as both litigation attorney then managing attorney at the prestigious personal injury law firm, . . . before rejoining the undersigned firm in 2012."  Kim contends that "AM" in her time records "stands for Associate-Midlevel which is my position at the firm," and that her $350 hourly rate "is supported for an associate of my level for the type of work that I performed."  Attached to Kim's declaration are Exhibits A and B, which she contends "are contemporaneous time records for July and August.  I entered descriptions of the work I performed adjacent to the letters AM on the dates indicated therein."  Although

8

neither Kim's nor Bostany's declaration indicates the total number of hours each expended in July and August 2013, or that each seeks additional fees via the reply papers, Exhibit A indicates an aggregate of 5.25 hours of work for both attorneys on July 29 and 30, 2013, and $2,470 as a "SUBTOTAL," and Exhibit B indicates an aggregate of 31.25 hours of work for both attorneys on August 14, 15, 16, 17, 19 and 20, 2013, and $16,400 as a "SUBTOTAL."

## LEGAL STANDARD

When exercising their discretion to determine the reasonableness of the attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In calculating the presumptively reasonable fee, a district court must consider, among others, the twelve factors articulated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 186. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 186-87 n.3.

A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should normally be denied. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). The United States Court of Appeals for the Second Circuit emphasized that "Carey establishes a strict rule from which attorneys may deviate only in the rarest of cases"; thus, "[a]ttorney's fees [are conditioned] on contemporaneous records." Scott v. City of New York, 643 F.3d 56, 58 (2d Cir. 2011) (citations omitted).

"[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." Bayway Refining Co. v. Oxygenated Mktg. & Trading, 215 F.3d 219, 226-27 (2d Cir. 2000) (citation omitted). "Arguments may not be made for the first time in a reply brief." Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993).

## APPLICATION OF LEGAL STANDARD

### *Reply Papers*

The defendants' reply papers include new evidence, namely Kim's and Bostany's August 20, 2013 declarations with exhibits. The Court will consider those parts of the August 20, 2013 declarations that address the material issue of the law firm's identity, raised by the plaintiff in its opposition papers. See Bayway Refining Co., 215 F.3d at 226-27. The Court will not consider parts of the August 20, 2013 declarations by which counsel, admittedly, attempt to correct evidentiary deficiencies in their initial submissions, including evidence that concerns: (a) counsel's education, skills and experience; and (b) customary and discounted hourly rates by Bostany and his relationship with the defendants, because considering those parts of the declarations would be prejudicial to the plaintiff, since it did not have an opportunity to address

10

them.  Moreover, the defendants cannot satisfy their burden of showing that their fee request is reasonable by submitting evidence—for the first time, in their reply—which is available to them and was required to be presented in their opening submission(s), to establish the reasonableness of the requested fees.

### *Identity of the Law Firm*

Although the plaintiff's argument, that the defendants failed to produce any evidence of their attorney's fees because their submissions were made by counsel related to Bostany Law Firm LLC, a law firm different from the law firm that has represented the defendants in this case, The Bostany Law Firm PLLC, is not a ground for a blanket denial of the defendants' fee request, it is a cause for concern.  The defendants contend in their reply memorandum of law, without indicating to what state's law they make citation, that: (a) "Limited Liability Company Law § 1212(b)" provides that "PLLC" and "LLC" are "interchangeable symbols allowed to be used to identify a "Professional Limited Liability Company"; and (b) using "LLC" instead of "PLLC" does not change the form of the entity.  The quoted text in the defendants' reply memorandum of law, which appears to be New York Limited Liability Company Law § 1212(b), does not provide that PLLC and LLC "are interchangeable symbols"; rather, it provides for the use of the acronym in the disjunctive: "A professional service limited liability company name shall end with the words 'Professional Limited Liability Company' or 'Limited Liability Company' or the abbreviation 'P.L.L.C.', 'PLLC', 'L.L.C.' or 'LLC.'"  The defendants do not make citation to any authority that permits them to use "PLLC" and "LLC" interchangeably, as they have done here, and the Court finds none.  Moreover, although Kim stated in her reply declaration that the use of "LLC" instead of "PLLC" in the law firm's name, in her July 30, 2013 declaration, was a typographical error, Bostany did not address this issue in his reply declaration, despite the fact

11

that his July 30, 2013 declaration also states that he is a member of Bostany Law Firm, LLC. Thus, it does not appear that the use of "LLC" was a typographical error; rather, it appears that the defendants believe it proper to use the "PLLC" and ""LLC" acronyms interchangeably, as they see fit.  The carelessness with which Kim and Bostany prepared their submissions is not beneficial to the assessment of the reasonableness of the defendants' attorney's fees, including the facts that: (1) Kim signed her July 30, 2013 declaration without complying with Rule 11 of the Federal Rules of Civil Procedure; and (2) both Kim and Bostany stated that they submit their declarations pursuant to the non-existent  "July 24, 2013" order.

### *Contemporaneous Time Records*

Kim and Bostany stated in their respective July 30, 2013 declarations that the time entries attached to Kim's declaration are true and accurate entries for work they performed in opposing the plaintiff's motion, and were made contemporaneously with the work performed.  Bostany stated that "the charges in the bills annexed to Kim's declaration were transmitted to the client during the months of May, June and July and were satisfied."  Although the time records attached to Kim's declaration do not appear to be "bills," as that term is ordinarily understood by the courts in reviewing attorney's fees applications, since they only indicate the time expended and an hourly rate for a particular attorney, without specifying a dollar amount due for the work performed or a total dollar amount due anywhere, the time records attached to Kim's declaration will be considered by the Court.  That is because Kim stated in her declaration that the total number of hours claimed is 14 for her work and 43.5 for Bostany's work, for a total of $30,130, which appears to correspond to the sum of each attorney's fees for the hours of work performed, as recorded in the time records attached to Kim's July 30, 2013 declaration.  Notwithstanding the fact that the defendants' time records are not a model of clarity and completeness, they are

contemporaneous time records nevertheless and, as long as evidence exists of "some contemporaneous records," they are considered by the Court.  See Scott, 643 F.3d at 58 (to receive an award of attorney's fees, attorneys must provide "at least some contemporaneous records").

> ### *Whether Fees for Responding to the Plaintiff's Argument that Its Motion Was Substantially Justified Are Fees Incurred In Opposing the Motion to Compel*

The plaintiff contends that the May and June 2013 time "entries are not responsive to the Court's order," because they are fees not "expended in replying to or opposing Plaintiff's motion to compel."  The defendants contend that the fee award should include the fees for the work performed in opposing the plaintiff's "voluminous briefing seeking an exception to the mandatory award," because that work "is compensable under Rule 37."  The Court finds that the hours the defendants expended in connection with the mandatory fees issues under Rule 37, were expended in opposing the plaintiff's motion to compel.  That is so because, but for the plaintiff's request for an exemption from the mandatory fees under Rule 37, the defendants would not have expended time and incurred additional attorney's fees and those additional fees they did incur are incident to the plaintiff's motion to compel.

### The Johnson Factors

The time and labor required to respond to the plaintiff's motion to compel was minimal because the plaintiff's five-page memorandum of law in support of its motion contained only slightly more than two pages under a single heading "Argument," in which the plaintiff contended that the defendants failed to provide certain discovery.  The defendants' six-page memorandum of law in opposition to the motion to compel consisted almost entirely of a single contention that the plaintiff's motion should be denied because the plaintiff failed to "meet and

13

confer" in good faith before making their motion.  Neither the plaintiff's motion nor the defendants' opposition to it contained any novel or difficult questions, and the level of skill required to render the legal services properly, in opposing the plaintiff's motion to compel, was minimal.

Bostany stated that his hourly rate is $580, and he expended 43.5 hours in opposing the plaintiff's motion, and Kim stated that her hourly rate is $350, and she expended 14 hours in opposing the plaintiff's motion.  The defendants' counsel did not provide any information in their July 30, 2013 declarations corresponding to the following Johnson factors: (a) whether they were precluded from performing other work due to the acceptance of this case; (b) whether the fee is fixed or contingent; (c) the time limitations imposed by the client; (d) the experience, reputation and ability of the attorneys; (e) the undesirability of the case; (f) the nature and length of the professional relationship with the client; and (g) awards in similar cases.  The Court is unable to assess the reasonableness of Kim's and Bostany's hourly rates absent information required to be considered for such an assessment in this circuit, including evidence of the attorney's experience, reputation and ability, or to compare the defendants' request for fees with awards in similar cases.  See Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 190.  The defendants' attempt to cure these deficiencies in their reply is rejected, as explained above.

Moreover, in light of the fact that the plaintiff's motion to compel was simple and straightforward, requiring only a minimum amount of time and skills to oppose it properly, the Court finds that the hours Kim and Bostany expended in connection with opposing the motion, 57.5, are excessive.  Some time entries are vague, for example, "4/16/2013 AM Researching caselaw that allows GMA to get fees for PMD's false representation + improper motion

practice," because it appears unrelated to the plaintiff's motion and it does not correspond to any caselaw either contained or used in the defendants' opposition to the plaintiff's motion. Bostany's entry for "4/19/2013" contains a handwritten annotation that is not dated or initialed, which calls into question whether it was entered contemporaneously, or at the time when the text from the pages attached to Kim's declaration was redacted for the purpose of the fee request filing. Some entries appear to be improper and duplicative, such as the six hours expended by Kim drafting her five-page declaration in opposition to the plaintiff's motion, on "4/22/2013," and the three hours expended by Bostany to "Revise declaration, revise brief," on "4/23/2013," suggesting that Bostany wrote certain parts if not all of Kim's declaration. Not only are six hours to draft a five-page declaration excessive, but so too are the three hours Bostany spent revising a five-page declaration and a six-page memorandum of law. That expenditure of time by Bostany was unnecessary and duplicative. Another example of a seemingly improper and unrelated time entry associated with Bostany is the following: "brief in opposition to MPD's motion for penalties, study cases," because the plaintiff did not make a "motion for penalties," and the memorandum of law in opposition to the plaintiff's motion is signed by Kim, not Bostany. Kim's expenditure of "2.5" hours for "Finalizing + file brief declaration + exhibits" on "4/24/2013" and the concomitant fee request is not reasonable, given that Kim signed her declaration and memorandum of law on April 23, 2014, leaving nothing but the filing of these two documents on "4/24/2013," a clerical task that does not take more than a few minutes. The defendants' request for fees for Bostany's "4.5" hours of work, on "6/6/2013," for "[drafting] brief in opposition to MPD's memorandum that an exception to award of attorneys fees exists, Citation to record in brief," and "7" hours of work by Bostany, on "6/7/2013," for "Prep argument section of brief and finalize," are excessive, because the entire memorandum of law in

opposition to the plaintiff's request for an exception from mandatory fees was eight pages long: six pages are devoted to the description of the procedural history and only slightly more than two pages contain an argument. Given that the defendants contended in their memorandum of law that "Plaintiff essentially attempts to reargue the Motion [to compel]," it was unreasonable to expend 11.5 hours on the memorandum of law opposing the plaintiff's request for an exception from mandatory fees, while seemingly expending five hours drafting the memorandum of law opposing the plaintiff's motion to compel.

In light of the above-noted deficiencies, the Court finds that the hours expended in connection with opposing the plaintiff's motion to compel, namely, 14 by Kim and 43.5 by Bostany, are not reasonable. In exercising its discretion, the Court finds that reducing the number of hours requested by 50% is appropriate and represents the reasonable number of hours that were expended by each attorney, namely, 7 hours for Kim and 21.75 hours for Bostany.

Given the above-mentioned deficiencies and the lack of evidence, assessing properly the reasonableness of hourly rates charged by Kim and Bostany is hampered significantly. However, since the fees are mandatory and the defendants provided evidence of contemporaneous time records, denying the fees entirely would be prejudicial to the defendants and defeat the purpose of Rule 37's mandatory fees. Accordingly, the Court finds that the $350 hourly rate requested by Kim and the $580 hourly rate requested by Bostany are not reasonable because they are not supported by evidence. In exercising its discretion, the Court finds that reducing the requested hourly rates by 40% is reasonable; thus, Kim's reasonable hourly rate is $210 and Bostany's reasonable hourly rate is $348.

**Conclusion**

Based on the reasonable number of hours and reasonable hourly rates, as explained

above, the Court finds that the defendants are entitled to $9,039 in reasonable attorney's fees incurred in opposing the plaintiff's motion to compel, to be paid by the plaintiff, on or before October 31, 2013.

Dated: New York, New York  
       October 23, 2013

SO ORDERED:

/Kevin Nathaniel Fox/  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE