UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MPD ACCESSORIES, B.V.,

        Plaintiff,

v.                                          Civil Action No.:  12 CV 6501 (LTS)(KNF)

URBAN OUTFITTERS, INC.,
GMA ACCESSORIES INC., *et al.*

        Defendants.
--------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT FOR RECONSIDERATION PURSUANT TO LOCAL CIVIL RULE 6.3

### Preliminary Statement

On June 3, 2014, the Clerk of this Court entered a judgment against the defendants herein, granting the plaintiff summary judgment.  It is respectfully submitted that in its May 30, 2014 Order supporting judgment, this Court overlooked a principal reason for denial contained in the Defendants' opposition filing (Point I), namely that there was an issue of fact concerning ownership of the copyright based upon the Plaintiff's changing versions on how the design was created.

Point I of the Defendants' Memorandum of Law in Opposition (Docket Entry 157) is unopposed by the Plaintiff.  Plaintiff's Reply Memorandum of Law (Docket Entry 161), spends 17 pages attempting to focus the Court on similarity of designs, its relationship with Tongshi and the sales figures, but makes no mention whatsoever of the changing versions of how the design was created.  Controlling precedent addresses the import of a Plaintiff's changing versions and its fatal impact on a dispositive motion.  Accordingly, it is most respectfully requested that this honorable Court consider the Point and deny the Motion for Summary Judgment for the reasons contained herein.

**Argument**

**There is an issue of fact as to Plaintiff's ownership of Copyright in that there are different versions of creation**

In its analysis, the Court correctly cites the standard that plaintiff must satisfy in order to prevail.  To wit, this honorable Court held that the plaintiff must prove:  "(1) ownership of a valid copyright, and (2) copying of constituent elements of work that are original".  See Order dated May 30, 2014 page 9.  This Court went on to quote from bedrock United States Supreme Court precedent "the *sine qua non* of copyright is originality.  To qualify for copyright protection, a work must be original to the author".  *Id.*

However, tracking the Defendants' briefing (which failed to reply to Point I), the Court skipped the first part of the standard, impermissibly relieving the plaintiff of satisfying the "ownership" requirement.  Instead, the Order goes straight to an analysis of the work (Docket Entry 180), presumably missing misreading Point I of the Defendants' Memorandum of Law in Opposition. (Docket Entry 157).   The Court introduces analysis of copyrightability with the erroneous factual conclusion "defendant's claim that MPD's stripe and star designs are not copyrightable because they are comprised of basic shapes and colors, which are insufficiently original".  Order at p. 9.

Point I brief never claimed that the designs were insufficiently original, but did argue that the changing versions on creation required denial of summary judgment. (Docket Entry 157).  Page 2 of the Defendants' November 11, 2013 Memorandum in

<u>Opposition and Point I directly address the conflicting testimony concerning creation of the design</u>. *Id.*

Traditionally, in United States copyright cases, ownership of a valid copyright is visited briefly by courts, since a certificate of copyright registration satisfies this portion of the standard. Here, the Plaintiff's entire proof of part 1 of the standard is based upon affidavits and testimony of MPD's designer, Corrine Kamp inasmuch as under the Berne Convention, a foreign company can satisfy the first prong of the standard without a certificate of copyright. As such, the conflicting testimony on creation renders the summary judgment motion critically defective, requiring denial.

In granting summary judgment, this Court no doubt relied upon the October 18, 2013 Declaration of Corine Kamp. (Docket Entry 140). Attached as Exhibits B and D respectively to this Declaration are computer-generated forms which contain a pen and ink sketch of the star and stripe designs that looks nothing like the actual designs that the plaintiff claims it owns. *Id.* Exhibit B to the Kamp Affidavit is the same Exhibit referred to as Exhibit Q during her deposition which is attached to the October 24, 2013 letter to Magistrate Judge Fox as Exhibit A. (Docket Entry 136-1).

Defendants enumerate the first of four points in their preliminary statement of the opposition brief to the summary judgment motion that "ownership of the copyright was not established". (Docket Entry 157). Defendants point to seriously conflicting testimony concerning the creation of the designs by Corrine Kamp, which again is the exclusive proof that plaintiff introduces to prove ownership. See p. 2 of the Nov. 11, 2013 Memorandum of Law in Opposition and Docket Entry 136-1 and 136-2.[1]  Defendants

---

[1] Defendants Brief referred to Docket Entry 136 at the top of page 2 but then typo's began referring to it as 139, when it is 136.

had been calling this discrepancy to the Court's attention in discovery applications beginning within days after receiving the transcript of the August 27, 2013 Deposition.

> In a letter to the Magistrate Judge Fox dated September 11, 2013 it was noted that:
>
> MPD has failed to produce a sketch of one of the two designs that MPD argues it created by way of Ms. Kamp.  MPD has all along been arguing that the final designs that were attached to the complaint and preliminary injunction papers were created by computer with a final printout and with no interim sketch or draft.
>
> . . .
>
> Yet, numerous discovery requests call for production of the sketch including document requests which were served on December 20, 2012:  Request No. 4 "all documents and things which relate to the allegation of the creation of the Stripe Design in paragraph 15 of the complaint"; and Request No. 7 "all documents and things which relate to the manufacture by Plaintiff or other person of scarves that include the Stripe Design and the Star Design.

Copies of the Document Requests are annexed to Docket Entry 28.

When asked about Exhibit Q at the deposition (Exhibit Q is found as Exhibit A to Docket entry 136 and is the same as Exhibit B to Docket entry 140), Ms. Kamp testified that she created a sketch of the design with pen and paper and handed it to Tongshi in China for creation of the final design.

> Q   Was the paper that you used a scrap piece of paper, like a single sheet or was it an artist pad?
>
> A I don't remember.
>
> Q Was the pen a ballpoint pen or was it a liquid type ink?
>
> A I can't remember.
>
> Q What did you use as inspiration

to create that artwork while were you in

China with the paper and pen?

A I was creative.

Q What does that mean?

A That means that my inspiration

did not come from an external factor, but

that I thought of myself how it would look,

what would be the most beautiful design.

Q <u>Were you attempting to create the most attractive striped design, so that the factory could create the nicest scarves for MPD</u>?

A **<u>I wanted it to be a good design</u>**.

Transcript Kamp 93:18 to 94:14 (annexed as Exhibit B to Docket Entry 136).

The fact that MPD was not sanctioned on the issue of failure to produce the missing sketch is not meaningful to the import of the summary judgment standard. A jury should be permitted to hear that <u>MPD first claimed that the computer printout of the design was the universe of the design creation</u> and then months later the one person that purportedly created the singular computer printout, later disclosed in a court ordered deposition, <u>that she created a pen and ink drawing that was never produced and remains missing</u>.

This is a clear conflict that requires denial of summary judgment.  It is impossible on a motion supported only by papers, for the Court to assess and determine the demeanor of the witnesses and the import of the conflict on the issue of creation.

"'It is a settled rule that "[c]redibility assessments, <u>choices between conflicting versions of the events</u>, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.' *Fischl v. Armitage,* 128 F.3d 50, 55 (2d Cir.1997)(Kearse, C.J.)(Emphasis Supplied). The failure of the District Court to heed this rule caused it to fall into error, as will be seen." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006)(Miner, C.J.)(Emphasis Supplied).

"The Supreme Court teaches that "all that is required [from a nonmoving party] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' <u>differing versions of the truth at trial</u>." *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Id.*

The May 30, 2014 decision does not mention this issue nor does it even discuss the first Point of the Defendants' Opposition Brief.  There is no dispute that prior to the August 27, 2013 deposition of Corrine Kamp, it was the plaintiff's position that the alleged copyrighted design was prepared exclusively from a printout that Corine Kamp put in a bag and flew out to China personally.  The conflict between the original allegations and what was brought out during the August 27, 2013 deposition, required the motion to have been denied and as such it is appropriate for the Court to now so rule.  The Point of the November 11 Opposition seeking denial of summary judgment

based on the conflicting positions of the Plaintiff was unopposed by the Plaintiff's November 19 Reply. (Docket Entry 161).

**Reconsideration is the appropriate vehicle to raise the issue**

It is respectfully submitted that the presentation of this matter via a motion for reconsideration is proper since the evidence was contained in the initial submissions and it is perfectly appropriate for this Court to now consider them. "The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or <u>data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court</u>." *Estate v. Sater*, 2014 WL 1885789 (S.D.N.Y. 2014) quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995) (emphasis supplied).

Courts may "rectify their own mistakes in the period immediately following entry of judgment" and under Rule 59(e) and/or 60(b) may vacate or alter a judgment on the grounds that the court had overlooked certain claims by the movant. *Kingdom 5–KR–41 v. Star Cruises PLC,* 2005 WL 110434, at *1–*2 (S.D.N.Y. 2005) (Cote, D.J.) *quoting Munafo v. Metro. Transit Auth.,* 381 F.3d 99, 105 (2d Cir.2004). *See also*, *Sanluis Developments, L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 332 (S.D.N.Y. 2008) (Holwell, D.J.)("the Court simply overlooked respondents' unexceptional request. Accordingly the Court exercises its discretion to reconsider its Opinion and Order").

## Conclusion

**WHEREFORE**, it is respectfully requested that upon reconsideration that the plaintiff's motion for summary judgment be denied.

Dated: New York, NY
      June 17, 2014

                                        Respectfully submitted,
                                        THE BOSTANY LAW FIRM, PLLC

                                        __s/John P. Bostany____
                                        By:  John P. Bostany
                                              Charen Kim
                                        Attorneys for Defendants
                                        75 Wall Street, Ste. 24F
                                        New York, New York 10005
                                        (212) 530-4400