UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MPD ACCESSORIES B.V.,

        Plaintiff,

 -v-                                                                No.  12CIV6501-LTS-KNF

URBAN OUTFITTERS, INC. et al.,

        Defendants.
-------------------------------------------------------x

### MEMORANDUM ORDER

        Defendant Urban Outfitters, Inc. ("Urban Outfitters") and Defendant GMA Accessories Inc. d/b/a Capelli New York ("GMA") (collectively, "Defendants") move, pursuant to Federal Rules of Civil Procedure 59 and 60 and Local Civil Rule 6.3, for reconsideration of the Court's May 30, 2014, Memorandum Opinion and Order (docket entry no. 180)[1] granting the motion for summary judgment of Plaintiff MPD Accessories B.V. ("MPD" or "Plaintiff") on the basis of Defendants' infringement of Plaintiff's exclusive right to reproduce its stripe design (the "Stripe Design") and star design (the "Star Design") scarves; and awarding Plaintiff profit damages; a permanent injunction against Defendants; and the return of the remaining scarves in Defendants' possession. Plaintiff opposes the motion for reconsideration and asks for an award of its attorney's fees and costs incurred in opposing this motion. The Court has subject matter jurisdiction of the case pursuant to 28 U.S.C. §§1331 and 1338(a). The Court has reviewed carefully the parties' submissions and arguments and, for the following reasons, Defendants' motion for reconsideration is denied in its entirety.

---

[1]     See MPD Accessories B.V. v. Urban Outfitters et al., No. 12CIV6501-LTS-KNF, 2014 WL 2440683 (S.D.N.Y. May 30, 2014).

DISCUSSION

Knowledge of the facts and procedural history of this case is presumed. In this District, motions for reconsideration are governed by Local Civil Rule 6.3, which requires that the moving party serve "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3.[2] "Whether to grant or deny a motion for reconsideration or reargument is in the sound discretion of a district court judge." Mikol v. Barnhart, 554 F. Supp. 2d 498, 500-01 (S.D.N.Y. 2008) (internal quotation marks and citation omitted). However, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), "that might reasonably be expected to alter the conclusion reached by the court," In re Optimal U.S. Litig., 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). Alternatively, a court may grant a motion for reconsideration to "correct a clear error or prevent manifest injustice." Id. (internal quotation marks and citation omitted).

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and

---

[2] As an initial matter, under Local Civil Rule 6.3 "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Here the Order was filed on May 30, 2014, and entered on the docket by the Clerk's Office on the same day. However, there appears to have been some delay as Defendants contend that it was not until June 3, 2014, that the Clerk of Court entered a judgment against the Defendants. As MPD does not contest the June 3, 2014, date or raise untimeliness as an argument in its opposition to the motion, the Court assumes Defendants' motion for reconsideration was timely and considers it on the merits.

conservation of scarce judicial resources." In re Initial Pub. Offering Sec. Litig., 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted); see also Griffin Indus., Inc. v. Petrojam LTD., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) ("[t]hese criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court").

Defendants argue that, in its May 30, 2014, Memorandum Opinion and Order, the Court overlooked Defendants' contention that there was a disputed issue of fact concerning ownership of the copyright to the Designs (or at least as to the Stripe Design) based upon MPD's designer Corrine Kamp's ("Ms. Kamp") changing versions of how they were created. In that Order, the Court considered Ms. Kamp's testimony and found that there was no genuine factual dispute as to whether MPD acquired the intellectual property rights to a stripe pattern from which Ms. Kamp created the Stripe Design; that Ms. Kamp created the Star Design without using any pre-existing pattern; and that these Designs were sent to a factory in China, Hangzhou Tongshi Silk Co. Ltd. ("Tongshi Factory") to be made into scarves. See MPD, 2014 WL 2440683, at *1-2. As discussed in the May 30, 2014, Order, the CEO of GMA George Altirs testified that he went to Tongshi Factory, where he saw scarves with a stripe design and star design and determined that they were not creative enough to qualify for copyright protection since they consisted of basic shapes. Id. at *2. In its prior Order, the Court also reviewed the evidence that emails were sent between Ms. Kamp and employees of Tongshi Factory discussing manufacturing and formatting adjustments to the scarves and found that they were "insufficient to demonstrate that Tongshi Factory made any independently copyrightable contribution to the Star Design or the Stripe Design." Id., at *4.

Defendants are correct that the Court did not specifically mention in its prior Memorandum Opinion and Order Defendants' argument that: "MPD first claimed that the

computer printout of the design was the universe of the design creation" (see Defs' Mem. in Supp. of Mot. for Reconsid. at 5) and then, months later, Ms. Kamp disclosed in a deposition that "she created a pen and ink drawing that was never produced and remains missing." (id.)  According to Defendants, Ms. Kamp's testimony and MPD's position on her role were contradictory because her October 18, 2013, Declaration had presented computer-generated forms which contained a pen and ink sketch of the Star and Stripe Designs that MPD claimed were the final designs (see docket entry no. 140, Exs. B and D), but then Ms. Kamp also testified that she created a sketch of a design when she was visiting the Tongshi Factory, which she turned over to the factory, and is now missing.  (docket entry no. 136, Ex. B, Tr. Kamp 93-94.)

Although Defendants' argument regarding Ms. Kamp's purportedly conflicting testimony was not specifically mentioned in the Court's prior Memorandum Opinion and Order, reconsideration does not compel any change to the conclusions reached therein.  The testimony that Ms. Kamp drew a subsequent sketch of a design when she was in the factory in China was considered by the Court, but in light of all of the evidence proffered, the Court found that Defendants' argument that Ms. Kamp was not credible was unavailing and Defendants had not raised a genuine issue of material fact as to whether Tongshi Factory was an author of either the Stripe or Star Designs.  See MPD, 2014 WL 2440683, at *4.  The Court determined that whether Tongshi Factory manufactured the scarves from designs on printouts or a sketch given to the factory by Ms. Kamp did not matter for the purposes of the summary judgment motion, as the evidence conclusively demonstrated that MPD owned the rights to the two Designs.

Aside from speculation that Ms. Kamp's testimony was inconsistent and thus she could not have created the Designs, there was no affirmative evidence proffered by the Defendants as to their or Tongshi Factory's authorship or ownership of the Designs other than the email messages, between Ms. Kamp and the factory, as to which the Court found that, when "[r]ead in

the light most favorable to Defendants, the messages suggest, at best, that Tongshi Factory suggested and changed some of the spacing and sizing of the patterns on the Star Design after receiving instructions from MPD." MPD, 2014 WL 2440683, at *4.  The Court further found that Defendants relied on conclusory allegations and unsubstantiated speculation and that "the undisputed facts of record thus establish[ed] that . . . Plaintiff owns both designs." Id., at *5.  As Defendants have not identified any data that the Court overlooked that might reasonably be expected to alter its decision, the Court finds no reason to overturn its prior Memorandum Opinion and Order.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion for reconsideration. This Memorandum Order resolves docket entry no. 186.

The Clerk of Court is hereby directed to issue a check from the registry of the Court payable to "Cozen O'Connor as attorneys for MPD Accessories B.V." in the amount of $86,926.95, which was paid by Defendants as security for the issuance of a stay of the Court's judgment against them pending the resolution of this motion.  The Court denies Plaintiff's request for an award of its fees incurred in opposing this motion.

SO ORDERED.

Dated: New York, New York
July 15, 2014

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge